IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CRIMINAL NO. LKG-25-6 |
| | * | |
| THOMAS C. GOLDSTEIN, | * | |
| | * | |
| Defendant | * | |
| | * | |

*******

**GOVERNMENT'S MOTION TO STRIKE
DEFENDANT'S *PRO SE* MOTION**

The United States of America respectfully requests that the Court strike Defendant's motion to review condition of release (ECF 30) and vacate the order (ECF 31) directing the Government to respond to the motion by February 7, 2025. That motion was filed *pro se* and signed by Defendant personally—despite that he is represented by numerous attorneys, including two who have already entered appearances in this case. This *pro se* filing directly violates U.S. District Court for the District of Maryland Local Rules 202 and 102.6, which prohibit the acceptance of *pro se* filings by represented parties. The Court has "no obligation to consider a defendant's *pro se* motion when he is represented by counsel," *United States v. Hammond*, 821 F. App'x 203, 207 (4th Cir. 2020), and doing so would undermine judicial economy and the efficient resolution of this case. The Government respectfully submits that the Court should defer setting any briefing schedule, including the filing of Defendant's motion requesting appropriate relief, and related hearing, until after Chief Magistrate Judge Sullivan conducts the attorney inquiry hearing on February 12, 2025 and makes a determination on Defendant's representation. ECF 15. To protect Defendant's rights and the record in this case, to the extent Defendant wishes to proceed *pro se*, he should be permitted to do so only after a *Faretta* hearing held before this Court (or its

designee) to determine whether he is knowingly and intelligently relinquishing his Sixth Amendment right to counsel. *See Faretta v. California*, 422 U.S. 806 (1975).

## **BACKGROUND**

On January 16, 2025, a federal grand jury returned a twenty-two count Indictment against Defendant for violations of federal tax laws and for making false statements on mortgage loan applications. ECF 1. On January 27, 2025, Defendant made his initial appearance before Chief Magistrate Judge Timothy J. Sullivan and pleaded not guilty to all the charges. ECF 4. At the initial appearance, Defendant was represented by two attorneys, John Lauro, Esq. and Stuart Berman, Esq., who entered appearances in the case the same day for purposes of the initial appearance. ECF 9, 11. Mr. Lauro and Mr. Berman also represented Defendant that day during Defendant's arraignment and hearing on conditions of release.

Following his initial appearance, Defendant was released pending trial. Defendant, however, is subject to conditions of release listed in a January 27, 2025 order from Chief Magistrate Judge Sullivan. ECF 6. Among those conditions is a requirement that Defendant execute a bond for 100% interest in his residence in Washington, D.C. ECF 6 at 2. Consistent with that condition of release, and also on January 27, 2025, Defendant executed an appearance bond and agreement to forfeit property stating that if he "fail[ed] to appear as required for any court proceeding," he would forfeit 100% interest in the Washington, D.C. residence. ECF 8-1.

On January 29, 2025, Defendant filed a motion—signed by two of his attorneys—to modify the conditions of release and substitute three South Carolina properties for the residence in Washington, D.C. ECF 18. On January 29, 2025, Chief Magistrate Judge Sullivan denied the request to substitute the South Carolina properties for the Washington, D.C. residence because doing so was "necessary to reasonably assure that Mr. Goldstein will appear for all future

proceedings in this case." ECF 19 at 1. That order further made clear that the Washington, D.C. residence would "only be forfeited if Mr. Goldstein fails to appear as required, and not for other violations of the conditions of release." *Id.*

On February 5, 2025, Defendant filed the at-issue motion (which he signed) again urging the Court to allow for substitution of the South Carolina properties for the Washington, D.C. residence. ECF 30.[1] The motion also requested for the first time that the Court "limit the scope of the government's forfeiture allegation" as to the Washington, D.C. residence. That forfeiture allegation, which was contained in the Indictment and then subsequently detailed in a bill of particulars (ECF 21), notified Defendant that the Government could seek forfeiture of the Washington, D.C. residence because it was property constituting, or derived from, proceeds obtained directly or indirectly, as a result of false statements on a mortgage loan application for that same residence. The same day that Defendant's *pro se* motion was filed, upon urging by counsel for Defendant via email, this Court directed the Government to respond on or before February 7, 2025. ECF 31.

## ARGUMENT

**I.    Legal Standard**

Local Rule 102.6 states, "Except for issues concerning the relationship between attorney and client, no document shall be accepted for filing by a party represented by counsel unless it is filed by counsel." L.R. 102.6 (D.Md. July 1, 2023).[2] Indeed, the Court uses a standard "return

---

[1] The *pro se* motion was filed on the docket by one of Defendant's counsel, who also emailed the motion to the Court once it was filed.
[2] Local Rule 102.6 applies to criminal proceedings via Local Rule 202, which incorporates Rule 102 in its entirety, with an exception not applicable here.

pleading form" to strike and send back documents that were improperly filed *pro se* by a represented party.

This rule is in line with Fourth Circuit precedent. "A criminal defendant has no statutory or constitutional right to proceed *pro se* while simultaneously being represented by counsel." *United States v. Carranza*, 645 F. App'x 297, 300 (4th Cir. 2016). "[A] district court is under no obligation to consider a defendant's *pro se* motion when he is represented by counsel." *United States v. Hammond*, 821 F. App'x 203, 207 (4th Cir. 2020). *See also Carranza*, 645 F. App'x at 300 (holding that "the district court was not obligated to consider [the represented defendant's] *pro se* motion or objections"). Although federal law permits criminal defendants to appear "personally or by counsel," 28 U.S.C. § 1654, that right is "disjunctive," meaning that "a party may either represent himself or appear through an attorney," *Hall v. Dorsey*, 534 F. Supp. 507, 508 (E.D. Pa. 1982) (interpreting 28 U.S.C. § 1654 and dismissing prisoner's complaint premised on the trial court's rejection of *pro se* filings by the prisoner while he was represented).

Accordingly, federal courts may strike *pro se* filings by represented parties "[a]s part of the latitude accorded district courts managing their dockets." *United States v. Hamilton*, No. 10-20749, ECF 50 at 1 (E.D. Mich. Oct. 24, 2011); *see United States v. Long*, 597 F.3d 720, 729 (5th Cir. 2010) (holding that "the trial court properly struck [defendant's] *pro se* motion" because "[a]t the time, [defendant] was represented by counsel"). To do so is necessary because such so-called "hybrid representations" can lead to a defendant and counsel advancing inconsistent arguments. *See McKaskle v. Wiggins*, 465 U.S. 168, 182 (1984) (noting that defendant "objected vehemently to some of counsel's motions, but warmly embraced others"). Indeed, "where one of the co-counsel is the accused, conflicts and disagreements as to trial strategy are almost inevitable." *United States v. Mosely*, 810 F.2d 93, 98 (6th Cir. 1987) (holding district court properly exercised

discretion by denying motion for hybrid representation).  This is true "regardless of the legal experience of the defendant." *Id.* (finding unpersuasive the argument that hybrid representation was appropriate given that defendant was an attorney and a judge).

*Pro se* motions filed by represented parties have been stricken by courts where the local rules explicitly bar such filings, *see United States v. Lay*, No. 2:19-CR-00206-KJD-VCF, 2024 WL 2092001, at *1 (D. Nev. May 9, 2024) (striking *pro se* motion of represented party seeking modifications to term of supervised release), and also where the local rules on their face may technically permit such filings, *see United States v. Agofsky*, 20 F.3d 866, 872 (8th Cir. 1994) (finding "no error in the court's refusal to rule" on *pro se* motions of represented party despite that the district court had not "adopt[ed] an explicit rule barring [such] filings").

This Court's Local Rules and practice of striking *pro se* filings by represented parties protect defendants' constitutional rights.  A defendant should not be permitted to proceed *pro se* until after a *Faretta* hearing to determine whether the defendant understands the consequences of waiving his Sixth Amendment right to counsel and knowingly and intelligently relinquishes that right.  *See Faretta v. California*, 422 U.S. 806 (1975).  These rules also protect the record by avoiding reversible error that could result from relying on assertions by a *pro se* defendant who could later argue that he had not knowingly and intelligently relinquished his Sixth Amendment right to counsel.

## II. The Court Should Strike Defendant's *Pro se* Motion

It is undisputed that Defendant is currently represented by multiple attorneys.  Two of Defendant's attorneys, Messrs. Lauro and Berman, have entered appearances in the case and represented Defendant at his initial appearance.  Mr. Berman's electronic filing account was used to submit the *pro se* motion that the Government requests be stricken, and he subsequently emailed

the motion to the Court once it was filed requesting prompt review. Defendant also is currently represented by multiple other prominent attorneys who have yet to enter appearances in this case, including Christopher Kise, Jonathan Kravis, Andrew Weissman, and associates of these attorneys. For example, Messrs. Lauro and Kise have issued a statement to the media on behalf of Defendant following his indictment. In addition, these attorneys all have been actively coordinating with the Government on issues relating to discovery and scheduling. For example, on February 5, 2025—the day Defendant filed the instant motion—Mr. Kise advised the Government that discovery materials should be sent to Mr. Kravis and his law firm, Munger, Tolles & Olson LLP. Also on February 5, 2025, Mr. Berman contacted the Government to request an in-person meeting concerning Defendant's *pro se* motion prior to the Government filing a response.[3]

Nonetheless, in direct violation of the Local Rules, Defendant personally signed the at-issue motion and filed it *pro se*. The motion did not provide any justification or reason for Defendant to proceed *pro se* while he was represented by multiple attorneys. The fact that the motion was submitted through his attorney's electronic filing account highlights the feasibility of having advanced the same substantive arguments through counsel. If the *pro se* motion were not submitted through Mr. Berman's account as described above, it would have been returned as improperly filed.

To the extent Defendant argues the filing of his *pro se* motion is necessary because he is currently finalizing the arrangements for ongoing representation, Defendant's filing is premature. An attorney inquiry hearing is currently scheduled for February 12, 2025 before Chief Magistrate

---

[3] Defendant has long been represented by skilled counsel in this case. Mr. Kravis has represented Defendant in this case for several years. Mr. Weissman was added as counsel in approximately June 2024. Mr. Kise was added as counsel in approximately December 2024. Mr. Lauro and Mr. Berman were added as counsel in approximately January 2025.

Judge Sullivan precisely to address the issue of Defendant's representation. If Defendant elects to proceed *pro se*, he should be permitted to do so only after a *Faretta* hearing.

Striking Defendant's *pro se* motion will promote judicial economy and the efficient resolution of this case. It is not surprising that Defendant—an experienced appellate litigator—has and will continue to have strong opinions about strategies and tactics deployed by his attorneys in defending the charges. If the Court entertains and resolves Defendant's *pro se* motion now, at the outset of the case, it will embolden Defendant to continue to raise arguments and file briefs on his own behalf. Such an approach may lead to inconsistent arguments being advanced by Defendant and his attorneys, and/or to duplicative and cumulative litigation of consistent arguments. Defendant does not have a right to litigate this case in that way, nor has he provided any justification or reason why the Court should endorse a hybrid representation.

Finally, striking the *pro se* motion would not prejudice Defendant because the same arguments can be advanced in a motion signed by one or more of Defendant's attorneys. To the contrary, striking the motion would protect Defendant, who has not yet requested or participated in a *Faretta* hearing. That means the Court has not determined that Defendant "knowingly and intelligently [decided to] forego his right to counsel." *Long*, 597 F.3d at 724. Nor has the Court determined that Defendant has "clearly and unequivocally request[ed] to proceed *pro se*." *Id.* Further, Defendant has not been "caution[ed] . . . about the dangers of self-representation." *Id.* Without a proper *Faretta* hearing, Defendant's *pro se* filings and self-representation could implicate his Fifth and Sixth Amendment rights, for which Defendant may later cry foul and claim

reversible error. If Defendant wants to proceed *pro se*, these issues should be addressed first by the Court and parties at a *Faretta* hearing.

To be clear, the Government disagrees with and is prepared to oppose the relief sought by Defendant's *pro se* motion, as envisioned by the Court's direction that the Government respond by February 7, 2025 (ECF 31). Among other reasons, the relief should not be granted under consideration of the factors set forth in 18 U.S.C. § 3142, and because Defendant's arguments betray a fundamental misunderstanding of the reasons that he was ordered to execute a bond on the Washington, D.C. residence (which he owns) versus the South Carolina properties (which he does not own). In addition, Defendant improperly attempts to conflate Defendant's request for a "review" of Chief Magistrate Judge Sullivan's release order with the "review" of a forfeiture-related issue that was never considered or ruled on in the first instance.[4] In any event, the proper avenue for raising these issues is a motion signed and submitted by Defendant's attorneys, or alternatively in a motion submitted by Defendant after a *Faretta* hearing and a determination by the Court that Defendant can proceed *pro se*.

---

[4] While 18 U.S.C. 3145(c) provides that an appeal of a release order should be determined "promptly," that applies only to the issue of the bond for 100% interest in Defendant's residence in Washington, D.C if Defendant fails to appear. Defendant does not have the right to challenge a bill of particulars and limit what the Government may forfeit upon conviction on an expedited basis. Rather, the Government should be afforded the opportunity to fully brief this important issue and present its views to the Court.

8

## CONCLUSION

For the reasons stated above, the Government respectfully requests that the Court: (1) strike the *pro se* motion (ECF 30) filed in violation of the Court's Local Rules; (2) vacate the order requiring the Government to respond to the *pro se* motion by February 7, 2025 (ECF 31); (3) defer setting any briefing schedule, including the filing of Defendant's motion requesting appropriate relief, and related hearing, until after Chief Magistrate Judge Sullivan conducts the attorney inquiry hearing on February 12, 2025 and makes a determination on Defendant's representation; and (4) in the event Defendant seeks to proceed *pro se*, conduct a *Faretta* hearing to ascertain that Defendant fully understands the issues attendant to proceeding *pro se*.

Respectfully submitted,

Erek L. Barron
United States Attorney
/s/
Patrick D. Kibbe
Assistant United States Attorney
District of Maryland

Stanley J. Okula, Jr.
Senior Litigation Counsel
Department of Justice—Tax Division

Emerson Gordon-Marvin
Hayter Whitman
Trial Attorneys
Department of Justice—Tax Division