IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | Criminal No. LKG-25-6 |
| THOMAS C. GOLDSTEIN | * | |
| | * | |

**ORDER**

On February 10, 2025, an attorney-inquiry and *Faretta* hearing was conducted in this case. Defendant Thomas C. Goldstein ("Mr. Goldstein") was present, along with one of his three "limited appearance" counsel (Stanley Reed), who was present in the gallery but not at the defense table. Mr. Goldstein addressed the Court and stated that, under the circumstances, he wished to represent himself.

In *Faretta v. California*, 422 U.S. 806 (1975), the Supreme Court made clear that a defendant has a constitutional right to self-representation. *See also United States v. Roof*, 10 F.4th 314, 351 (4th Cir. 2021), *cert. denied*, 143 S. Ct. 303, 214 L. Ed. 2d 132 (2022); *United States v. Ziegler*, 1 F.4th 219, 228 n.4 (4th Cir. 2021); *United States v. Cohen*, 888 F.3d 667, 672 n.2 (4th Cir. 2018). The Court advised Mr. Goldstein that proceeding with "limited appearance" counsel was not acceptable. Mr. Goldstein reaffirmed and expressed his desire to represent himself. He indicated that the Court's prior order setting of conditions of release (including posting his residence as collateral to be forfeited to the Government if he flees) was preventing him from retaining counsel. He stated that he wished to retain counsel of his choice but cannot afford to do so under the current conditions of release. The Court noted that Mr. Goldstein has already appealed the decision on his conditions of release to Judge Griggsby.

Mr. Goldstein is an attorney. He has practiced for over 25 years. He has a full understanding and extensive knowledge of federal criminal practice, both in terms of substance and procedure. The Court asked Mr. Goldstein numerous questions about his understanding of the charges against him, including the maximum penalties he faces if convicted, and is satisfied that he understands the serious nature of this case. The Court also discussed with Mr. Goldstein the ways an attorney could be of assistance to him even though he is an attorney himself. Mr. Goldstein was warned of the substantive and procedural hazards awaiting him if he elected to represent himself in this case.

After considering Mr. Goldstein's responses to the Court's exhaustive inquiry, the Court concludes that Mr. Goldstein is competent, that he has a rational and factual understanding of the proceedings against him, and that he has made a timely, clear, and unequivocal assertion of his desire to avail himself of his constitutional right to self-representation. The Court notes that Mr. Goldstein's desire to represent himself is qualified only by his desire to retain counsel of choice, which he states he cannot presently afford. The Court further finds that Mr. Goldstein has made a knowing, intelligent, and voluntary decision (after being fully advised of the dangers and disadvantages of representing himself) to waive his right to counsel and to self-represent. The Court also explained to Mr. Goldstein that any type of hybrid representation (where he acts has his own attorney for some matters but has a lawyer act on his behalf for other matters) will not be permitted. Mr. Goldstein has not requested that the Court appoint counsel pursuant to the Criminal Justice Act.

Accordingly, for the reasons stated on the record during the hearing, the Court finds that Mr. Goldstein may represent himself moving forward in this case.

<u>February 10, 2025</u>                        <u>         /s/                              </u>
Date                                             Timothy J. Sullivan
                                                 Chief United States Magistrate Judge