IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | Civil Action No. 25-cr-6-LKG |
| ) | |
| THOMAS C. GOLDSTEIN, ) | Dated: February 18, 2025 |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION**

I. **INTRODUCTION**

Pending before the Court are the following motions: (1) the Defendant's motion to review the condition of his release related to certain real property located at 4323 Hawthorne Street, NW, Washington, DC (ECF No. 30); (2) the Defendant's motion to limit the scope of the forfeiture allegation in the Indictment (ECF No. 30); and (3) the Government's motion to strike the Defendant's motions (ECF No. 32). These motions are fully briefed. ECF Nos. 30, 32, 34 and 67. The Court held a hearing on the motions on February 14, 2025. ECF No. 71. For the reasons that follow, and stated during the February 14, 2025, hearing, the Court: (1) **DENIES** the Government's motion to strike (ECF No. 32); (2) **DENIES** the Defendant's motion to review (ECF No. 30) **WITHOUT PREJUDICE** and **SUSTAINS** the ruling of the Chief Magistrate Judge; and (3) **DENIES** the Defendant's motion to limit the scope of the forfeiture allegation in the Indictment (ECF No. 30) **WITHOUT PREJUDICE**.

II. **FACTUAL AND PROCEDURAL BACKGROUND**

On January 16, 2025, a federal grand jury returned a twenty-two count Indictment against the Defendant, Thomas C. Goldstein, for violations of federal tax laws and for making false statements on mortgage loan applications. ECF No. 1. On January 27, 2025, the Defendant made his initial appearance and pleaded not guilty to all charges. ECF No. 4.

At that time, the Defendant was released subject to certain conditions, including that he execute a bond for 100% interest in his residence located at 4323 Hawthorne Street, NW, Washington, DC (the "Washington, DC Residence"). ECF No. 6 at 2. And so, the Defendant

executed an appearance bond and agreement to forfeit property stating that if he "fail[ed] to appear as required for any court proceeding," he would forfeit 100% interest in the Washington DC Residence.  ECF No. 8-1.

On January 29, 2025, the Defendant filed a motion to modify the conditions of release and to substitute three South Carolina properties (the "South Carolina Properties") for the Washington, DC Residence.  ECF No. 18.  On January 29, 2025, the Court denied the Defendant's request to substitute the South Carolina Properties for the Washington, DC Residence, because the condition regarding the Washington, DC Residence was "necessary to reasonably assure that Mr. Goldstein will appear for all future proceedings in this case."  ECF No. 19 at 1.  Pursuant to the Court's Order, the Washington, DC Residence would "only be forfeited if Mr. Goldstein fails to appear as required, and not for other violations of the conditions of release."  *Id.*

On February 5, 2025, the Defendant filed a *pro se* motion to review, requesting that the Court review this matter and modify the conditions of his release to substitute the South Carolina Properties for the Washington, DC Residence.  ECF No. 30.  The Defendant also requested that the Court "limit the scope of the government's forfeiture allegation" in the Indictment regarding the Washington, DC Residence.  *Id.* at 1; *see also* ECF No. 21 (bill of particulars regarding the forfeiture allegations.).

On February 6, 2025, the Government filed a motion to strike the Defendant's *pro se motion*, pursuant to the Court's Local Rules.  ECF No. 32.  On February 7, 2025, the Government filed a response in opposition to the Defendant's motion to review and to limit forfeiture.  ECF No. 34.

On February 9, 2025, the Government filed an *ex parte* motion to revoke the Defendant's release, based upon an alleged violation of his conditions of release.  ECF No. 35.  Following a hearing, the Court revoked its Release Order on February 10, 2025, and ordered the Defendant detained.  ECF Nos. 37 and 42.  The Court also conducted an attorney-inquiry hearing on February 10, 2025, and ordered that the Defendant may represent himself in this matter.  ECF No. 43.

On February 11, 2025, the Defendant filed an emergency motion to revoke the Court's Detention Order.  ECF No. 44.  On February 11, 2025, the Government filed a response in

opposition to that motion, and on February 12, 2025, the Defendant filed a reply brief. ECF Nos. 51 and 54.

On February 13, 2025, the Court held a detention hearing, revoked the Detention Order and ordered the Defendant released subject to, among other things, the following conditions:

- The Defendant shall execute a bond for 100% interest in his marital residence located at 4323 Hawthorne Street, Washington DC.
- The Defendant shall surrender his passport.
- The Defendant shall not open new bank accounts, obtain or draw lines of credit, or transfer funds without prior approval by pretrial services.
- The Defendant refrain from use of computer systems and internet capable devices.
- The Defendant shall disclose the types and amounts of internet capable devices he currently possesses, or has regular access to, to pretrial services, which pretrial services shall review and may limit.
- The Defendant shall provide a comprehensive list of all assets held anywhere and however titled in which he has an ownership interest to pretrial services by February 18, 2025, at 10 a.m.
- The Defendant shall provide pretrial services with all of his cryptocurrency wallets that he owns, has access to, and/or controls to include hard wallets and soft wallets by February 18, 2025, at 10 a.m.
- The Defendant shall not access, receive, send and/or transfer any cryptocurrency, stated differently, the Defendant is restricted from any use of cryptocurrency based on the instant offense and related conduct.
- The Defendant shall provide pretrial services with all monthly financial records for their review.

ECF No. 62.

On February 13, 2025, the Defendant, through counsel, filed a consolidated reply brief and a response in opposition to the Government's motion to strike. ECF No. 67. The Defendant is currently released pending trial, subject to the conditions of release set by the Court.

### III.    STANDARDS OF DECISION

#### A. The Bail Reform Act And Motions For Review

The Bail Reform Act generally requires that the Court impose the least restrictive conditions on a defendant to ensure the defendant's appearance in Court. 18 U.S.C. § 3142(c). The Act also authorizes courts to amend bail release orders to impose different conditions of release. *Id.* If the Court determines that the release will not reasonably assure the appearance of the person as required, or will endanger the safety of any other person or the community, the

Court shall order the pretrial release of the person subject to certain conditions, which may include executing an agreement to forfeit property upon failing to appear as required. 18 U.S.C. § 3142. In evaluating the risks of nonappearance and the danger to the community, the Court shall take into account:

- the nature and circumstances of the offense charged;
- the weight of the evidence against the person;
- the history and characteristics of the person; and
- the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

Pursuant to 18 U.S.C. § 3145, "[i]f a person is ordered released by a magistrate judge, . . . the person may file . . . a motion for amendment of the conditions of release. The motion shall be determined promptly." 18 U.S.C. § 3145. When acting on such a motion, the Court reviews the magistrate judge's order *de novo*, pursuant to 18 U.S.C. § 3145(a). *United States v. Clark*, 865 F.2d 1433, 1436-38 (4th Cir. 1989); *United States v. Stewart*, 19 F. App'x 46, 48 (4th Cir. 2001).

## IV.   ANALYSIS

Pending before the Court are: (1) the Defendant's motion to review the condition of his release related to certain real property located at 4323 Hawthorne Street, NW, Washington, DC (ECF No. 30); (2) the Defendant's motion to limit the scope of the forfeiture allegation in the Indictment (ECF No. 30); and (3) the Government's motion to strike the Defendant's motions (ECF No. 32). The Court addresses and resolves these motions below.

As an initial matter, the Court declines to strike the Defendant's motion to review, as the Government requests. On February 5, 2025, the Defendant filed a *pro se* motion to review and to "limit the scope of the government's forfeiture allegation." ECF No. 30. While the Defendant stated that his motion was filed *pro se*, it appears to the Court that he was aided in the drafting and filing of the motion by counsel, in violation of the Court's Local Rules. *See* L.R. 102.6 and 201; ECF No. 32. The Court will not, however, strike the motion in the interest of justice, given the time-sensitive nature of the Defendant's motion to review. And so, the Court DENIES the Government's motion to strike.

The Court also DENIES the Defendant's motion to review, but will do so without prejudice to the Defendant. In the motion to review, the Defendant seeks to modify the condition

of his release that requires that he execute a bond for 100% interest in the Washington, DC Residence and to modify this condition to substitute this property with the following three properties located in South Carolina:

- 411 Harden Street, Columbia, South Carolina 29205: This property is owned by Mr. Goldstein's father and stepmother, Francis Goldstein and Sara June Goldstein. It has an appraised taxable value of $677,200. *See* ECF No. 18-1.
- 2728 Kiawah Avenue, Columbia, South Carolina, 29205: This property is owned by Francis Goldstein, Sara June Goldstein and Katerine Boyes, defendant Goldstein's half-sister. It has an appraised taxable value of $341,500. *See* ECF No. 18-2.
- 19 Ft. Fremont Road, Saint Helena Island, South Carolina, 29920: This property is owned by Francis Goldstein and Sara June Goldstein. It has an appraised taxable value of $455,900. *See* ECF No. 18-3.

ECF No. 30 at 3-4. The Defendant represents to the Court that the value of the South Carolina Properties exceeds the equity in the Washington, DC Residence. *Id.* at 4.

To support this request, the Defendant argues that: (1) he is not a flight risk, given his extensive ties to the community; (2) he is under financial stress, because his outstanding debt to his attorneys exceeds the funds in his checking accounts; (3) he has approximately $677,000.00 in equity in the Washington, DC Residence, which he seeks to use to hire counsel; and (4) the inability to substitute of the South Carolina Properties for the Washington, DC Residence unfairly prejudices his spouse. ECF No. 30 at 5-7. And so, the Defendant requests that Court modify the conditions of his release to substitute the South Carolina Properties for the Washington, DC Residence. *Id.* at 9.

The Government opposes the Defendant's motion and argues that requiring the Defendant to post the Washington, DC Residence as collateral is necessary to reasonably assure the Defendant's appearance in these proceedings and to ensure the safety of the community, and this condition is supported by relevant factors under 18 U.S.C. § 3142. *See* ECF No. 34 at 3-13. Based upon the evidence currently before the Court, the Court agrees.

First, the nature and circumstances of the offenses charged in this case support requiring the Defendant to post the Washington, DC Residence as collateral to reasonably assure his appearance. As the Court observed during the February 14, 2025, hearing, the offenses charged in this case are quite serious. The Defendant stands charged with twenty-two felony counts of

tax crimes and making false statements to mortgage lenders, during a six-year period. ECF No. 1. In this regard, the Indictment alleges that Defendant repeatedly lied to, or otherwise misled, the Federal Government and concealed millions of dollars in income from the IRS. *Id.* Relevant to the pending motion, the Indictment also alleges that Defendant lied to multiple mortgage lenders to secure funds to finance his purchase of the Washington, DC Residence. *Id.* The alleged offenses also involve significant international travel, unreported income, and contacts with gamblers and other individuals in other countries. *Id.* The Defendant is of course presumed innocent of all charges. But the nature and circumstances of the offenses alleged in this case weigh in favor of imposing conditions of release that will mitigate the Defendant's significant risk of flight.

The weight of the evidence also supports the posting of the Washington, DC Residence as collateral to reasonably assure the appearance of the Defendant. The Indictment is supported by, among other things, the Defendant's contemporaneous communications, documented loans that were not disclosed to mortgage lenders, bank and wire records, gambling-related memoranda authored by the Defendant, tax and accounting records, and records reflecting the Defendant's spending habits during the relevant period. ECF No. 34 at 6. It is also undisputed that this case will involve tens of thousands of documents regarding the alleged offenses and almost 80 witnesses. *Id.* Given this, the weight of the evidence factor also supports imposing the subject condition.

The Defendant's personal history and characteristics also indicate that he is a significant flight risk. As stated above, the Defendant has extensive experience with international travel and also significant ties to wealthy individuals in foreign countries that could make it easier for him to flee than the average person. These concerns heighten the Defendant's risk of flight here. *See, e.g.*, *United States v. Remarque*, PX-19-039, 2020 WL 1983927, at *1-4 (D. Md. Apr. 27, 2020) (denying appeal of Chief Magistrate Judge Sullivan's pretrial detention order based on, among other things, defendant's "significant international ties").

In addition, and as the Court observed during the February 14, 2025, hearing, the benefit of posting the Washington, DC Residence is not determined so much by the market value of that property, as by the value that the Defendant places on the property. Given this, the fact that the South Carolina Properties may have a greater market value does not necessarily negate the

benefit of requiring the Defendant to post the Washington DC Residence as collateral to mitigate his significant risk of flight.

More importantly, the Defendant has not shown that he will not have sufficient funds to hire counsel, unless the Court allows the substitution the South Carolina Properties as collateral. Notably, the pretrial services report shows that the Defendant has approximately $250,000.00 in his checking accounts. ECF No. 34 at 12. As the Court observed during the February 14, 2025, hearing, the Defendant's financial position is also not clear to the Court.

For this reason, the Court has instructed the Defendant to provide pretrial services with more information about his financial assets and cryptocurrency accounts by February 18, 2025. And so, the Court DENIES the Defendant's motion to review WITHOUT PREJUDICE, so that he may renew this motion once his financial information has been provided to the Court.

As a final matter, the Court also DENIES the Defendant's motion to limit the forfeiture allegations in the Indictment WITHOUT PREJUDICE, because this motion is not properly before the Court. *See* 18 U.S.C. § 3145.

## V.     CONCLUSION

For the foregoing reasons, the Court:

1. **DENIES** the Government's motion to strike (ECF No. 32);
2. **DENIES** the Defendant's motion to review and modify the conditions of his release to substitute the South Carolina Properties for the Washington, DC Residence (ECF No. 30) **WITHOUT PREJUDICE** and **SUSTAINS** the Ruling of the Chief Magistrate Judge; and
3. **DENIES** the Defendant's motion to limit the scope of the forfeiture allegation in the Indictment (ECF No. 30) **WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

s/Lydia Kay Griggsby
LYDIA KAY GRIGGSBY
United States District Judge