**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | |
| | * | **CRIMINAL NO. LKG-25-6** |
| **THOMAS C. GOLDSTEIN,** | * | |
| | * | |
| Defendant. | * | |
| | ******* | |
| | * | |

**DEFENDANT THOMAS C. GOLDSTEIN'S
MOTION TO DISMISS COUNTS 1, 5, 6, AND 15
AS BARRED BY THE STATUTE OF LIMITATIONS**

# TABLE OF CONTENTS

**Page**

INTRODUCTION ...........................................................................................................................1

BACKGROUND .............................................................................................................................2

ARGUMENT ...................................................................................................................................3

CONCLUSION ................................................................................................................................4

# TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

*Toussie v. United States*,
  397 U.S. 112 (1970)................................................................................................3

*United States v. Andros*,
  484 F.2d 531, 532 (9th Cir. 1973) ..........................................................................4

*United States v. Craft*,
  105 F.3d 1123 (6th Cir. 1997) .................................................................................3

*United States v. Duff*,
  931 F. Supp. 1306 (E.D. Va. 1996) .........................................................................3

*United States v. Easterday*,
  564 F.3d 1004, 1005 (9th Cir. 2009), .....................................................................4

*United States v. Habig*,
  390 U.S. 222 (1968).................................................................................................4

*United States v. Magalnik*,
  160 F. Supp. 3d 909 (W.D. Va. 2015) .....................................................................3

*United States v. Wilson*,
  118 F.3d 228 (4th Cir. 1997) ...................................................................................3

**FEDERAL STATUTES**

18 U.S.C. § 3292............................................................................................................1, 2, 4

26 U.S.C. § 6531..................................................................................................................1, 2

26 U.S.C. § 7201..................................................................................................................2, 4

26 U.S.C. § 7203..................................................................................................................2, 4

26 U.S.C. § 7206(2) ............................................................................................................2, 4

**FEDERAL RULES**

Fed. R. Crim. P. 12(b)(3)(B).....................................................................................................3

**INTRODUCTION**

Defendant Thomas C. Goldstein respectfully moves to dismiss Counts 1, 5, 6, and 15 of the Indictment as barred by the relevant statute of limitations. The statute of limitations applicable to these offenses, which concern the 2016 tax year, is six years under 26 U.S.C. § 6531. The Indictment alleges that the tax document underlying Count 6 was filed on September 15, 2017, and that the tax document underlying the remaining counts was filed on October 16, 2017. Therefore, absent tolling, the statute of limitations for Count 6 expired on September 15, 2023, and the statute of limitations for the remaining offenses expired on October 16, 2023, nearly one year before Mr. Goldstein entered into a tolling agreement with the government.

Documents produced in discovery suggest that the government may contend that these charges are timely based on the statutory tolling provision for obtaining foreign evidence, 18 U.S.C. § 3292.[1] The defense has filed a separate motion to strike several of the orders obtained by the government under Section 3292 based on material misrepresentations in its applications and accompanying affidavits. Even if those Section 3292 orders validly excluded time from the statute of limitations calculation, Count 6 would still be time-barred. Moreover, when the time covered by those challenged orders is excluded from the tolling period (*i.e.*, included in the statute of limitations calculation), the remaining 2016 charges are also untimely. Accordingly,

---

[1] Documents produced in discovery also suggest that the government may rely on another statutory tolling provision, 26 U.S.C. § 6531, which tolls the statute of limitations for certain tax offenses while the taxpayer is outside the United States. However, the government has repeatedly refused to provide the defense with its calculation of the applicable statute of limitations based on Section 6531 (or for that matter Section 3292). If the government (which bears the burden of proof on this issue and must prove at trial beyond a reasonable doubt that Mr. Goldstein was out of the United States for any claimed tolling on the basis of Section 6531), argues in its opposition that these charges are timely based on tolling under Section 6531, then the defense will address that argument in its reply brief.

the defense requests that the Court dismiss Counts 1, 5, 6, and 15 as barred by the statute of limitations.

## BACKGROUND

The Indictment charges Mr. Goldstein with the following counts for the 2016 tax year:

- **Count 1**: tax evasion in violation of 26 U.S.C. § 7201
- **Count 5**: aiding and assisting the preparation of a false and fraudulent tax return (Form 1040) in violation of 26 U.S.C. § 7206(2)
- **Count 6**: aiding and assisting the preparation of a false and fraudulent tax return (Form 1120S) in violation of 26 U.S.C. § 7206(2)
- **Count 15**: willful failure to pay taxes in violation of 26 U.S.C. § 7203

Each of these counts is subject to a six-year statute of limitations period under 26 U.S.C. § 6531. The Indictment alleges that the Form 1120S underlying Count 6 was filed on September 15, 2017. The Indictment alleges that the Form 1040 underlying Counts 1, 5, and 15 was filed on October 16, 2017.

Prior to the Indictment, Mr. Goldstein entered into tolling agreements with the prosecution, agreeing to toll the statute of limitations period for the relevant offenses from September 30, 2024, through January 16, 2025. The grand jury returned the Indictment on the last day of that tolling period, January 16, 2025. *See* ECF No. 1.

Separately, documents produced in discovery show that the government obtained four orders tolling the statute of limitations under 18 U.S.C. § 3292 between September 25, 2023, and December 28, 2023, and again between April 5, 2024, through September 30, 2024.[2] The

---

[2] Any calculation herein of purported tolling pursuant to Section 3292 does not count the period between September 30, 2024, and January 16, 2025 (the date of the Indictment), because that period is already covered by the above-referenced tolling agreements.

2

defense has filed a motion to invalidate two of those orders based on material misrepresentations in the applications and underlying affidavits.  When those orders are removed from the calculation, the applicable statute of limitations would be tolled only between May 21, 2024, and September 30, 2024.  Thus, any conduct charged whose six-year statute of limitations had expired by May 21, 2024, is time-barred.

## ARGUMENT

A defendant may, before trial, "raise a motion alleging a defect in the indictment, including its failure to comport with the applicable statute of limitations." *United States v. Magalnik*, 160 F. Supp. 3d 909, 913 (W.D. Va. 2015) (citing Fed. R. Crim. P. 12(b)(3)(B)). "The government bears the burden of proving that it began its prosecution within the statute of limitations period." *United States v. Wilson*, 118 F.3d 228, 236 (4th Cir. 1997).  Courts in this Circuit regularly grant pretrial motions to dismiss on statute of limitations grounds where the government is unable to meet its burden.  *See, e.g.*, *Magalnik*, 160 F. Supp. 3d at 916; *United States v. Duff*, 931 F. Supp. 1306, 1314 (E.D. Va. 1996).

Courts have rejected the premise that they "[can]not make factual findings or conclusions concerning the statute of limitations issue on a pre-trial motion because that finding [is] solely within the province of the factfinder and not suitable for pretrial disposition." *United States v. Craft*, 105 F.3d 1123, 1126 (6th Cir. 1997).  Rather, statute of limitations issues are properly decided prior to trial, particularly where (as here) "the facts relating to the disposition of the statute of limitations issue are stated in the indictment or constitute preliminary facts easily isolated from the issues on the merits." *Id*. at 1127.

The statute of limitations "normally begin[s] to run when the crime is complete." *Toussie v. United States*, 397 U.S. 112, 115 (1970) (citation and internal quotation marks omitted).  For purposes of calculating timeliness, the offenses of tax evasion by filing a false return in violation

3

of 26 U.S.C. § 7201 and aiding in the preparation of a false return in violation of 26 U.S.C. § 7206(2) are complete "at the time the return is filed." *United States v. Habig*, 390 U.S. 222, 223 (1968). Similarly, the offense of willful failure to pay taxes in violation of 26 U.S.C. § 7203 is complete when "the failure to pay the tax becomes wilful [sic]," *United States v. Andros*, 484 F.2d 531, 532 (9th Cir. 1973), *overruled on other grounds by United States v. Easterday*, 564 F.3d 1004, 1005 (9th Cir. 2009), which here is the date that Mr. Goldstein is alleged to have filed his 2016 Form 1040.

The conduct charged in the 2016 tax charges (Counts 1, 5, 6, and 15) falls outside the six-year statute of limitations period. The conduct alleged in Count 6 was completed on September 15, 2017, when the Form 1120S was allegedly filed. *See Habig*, 390 U.S. at 223. And the conduct alleged in Counts 1, 5, and 15 was completed on October 16, 2017, when the Form 1040 was allegedly filed. *See id.* Therefore, absent tolling, the statute of limitations for these offenses expired on September 15, 2023, and October 16, 2023, respectively.

The orders obtained by the government tolling the statute of limitations under 18 U.S.C. § 3292 do not save these counts. Even if each of those orders was valid, the earliest of the orders only began to toll the limitations period on September 25, 2023, at which point the conduct charged in Count 6 was already time-barred. Moreover, two of those orders are invalid because the government obtained them through numerous material misrepresentations. And the remaining orders toll the applicable statutes of limitations only starting May 21, 2024, at which point the applicable limitations period for these counts had already expired.

## CONCLUSION

For the foregoing reasons, Mr. Goldstein respectfully requests that the Court dismiss Counts 1, 5, 6, and 15 as barred by the statute of limitations.

Dated: May 16, 2025 		Respectfully submitted,

*/s/ Jonathan I. Kravis*
Jonathan I. Kravis (Bar No. 31556)
Stephany Reaves (Bar No. 19658)
MUNGER, TOLLES & OLSON LLP
601 Massachusetts Avenue NW, Suite 500E
Washington, DC 20001
(202) 220-1100
Jonathan.Kravis@mto.com
Stephany.Reaves@mto.com

Adeel Mohammadi (*pro hac vice*)
MUNGER, TOLLES & OLSON LLP
350 S. Grand Avenue, 50th Floor
Los Angeles, CA 90071
(213) 683-9100
Adeel.Mohammadi@mto.com

*Attorneys for Defendant Thomas Goldstein*

5