# Exhibit 1A

USDC- GREENBELT
'23 NOV 3 PM 2:04

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

| | |
|---|---|
| IN RE POSSIBLE VIOLATIONS OF 18 U.S.C. §§ 371, 1001; 26 U.S.C. §§ 7201, 7203, 7206, 7212; 31 U.S.C. §§ 5314, 5322 | Misc. No. __23 mc 00 553__  FILED EX PARTE & UNDER SEAL |

*EX PARTE* APPLICATION FOR SUSPENSION
OF THE RUNNING OF THE STATUTES OF LIMITATIONS

The United States of America, by and through its undersigned attorneys, applies to this

Court pursuant to Title 18, United States Code, Section 3292, to suspend the running of the statute

of limitations for offenses arising out of the grand jury's investigation of Thomas Che Goldstein

("Goldstein"). A U.S. citizen, Goldstein appears to have evaded payment of federal income tax on

more than ten million dollars in income since at least 2015. Goldstein repeatedly failed to report

significant amounts of income on his federal tax returns. He also failed to report on those returns,

and elsewhere, his interest in or signature authority over foreign financial accounts, despite

funneling millions of dollars through those accounts.

In support of this application, the United States represents the following:

1.      A grand jury duly impaneled in this District has been conducting an investigation

of Goldstein and other individuals for the following possible criminal offenses: (i) conspiring to

defraud the United States, in violation of 18 U.S.C. § 371; (ii) evading taxes, in violation of

26 U.S.C. § 7201; (iii) making and subscribing to a false tax return, in violation of 26 U.S.C.

§ 7206(1); (iv) aiding and assisting the preparation of false and fraudulent tax returns, in violation

of 26 U.S.C. § 7206(2); (v) willfully failing to pay individual income tax, in violation of 26 U.S.C.

§ 7203; (vi) corruptly endeavoring to obstruct the due administration of the internal revenue laws,

in violation of 26 U.S.C. § 7212(a); (vii) willfully failing to file a report the ownership or control of, or signatory authority, or other authority over, a foreign financial account, in violation of 31 U.S.C. §§ 5314, 5322; and (viii) making false statements to an agency of the United States, in violation of 18 U.S.C. § 1001 (collectively, "Target Offenses"). The grand jury has not returned an indictment.

2.      Title 18, United States Code, Section 3292(a)(1), provides:

> Upon application of the United States, filed before return of an indictment, indicating that evidence of an offense is in a foreign country, the district court before which a grand jury is impaneled to investigate the offense shall suspend the running of the statute of limitations for the offense if the court finds by a preponderance of the evidence that an official request has been made for such evidence and that it reasonably appears, or reasonably appeared at the time the request was made, that such evidence is, or was, in such foreign country.

3.      Section 3292(d) defines an "official request" to include "a request under a treaty or convention" or a request by "an authority of the United States having criminal law enforcement responsibility" to an "authority of a foreign country." 18 U.S.C. § 3292(d).

4.      As described in the Declaration of Andrew Accardi, Internal Revenue Service ("IRS") Criminal Investigation Special Agent, attached as Exhibit A and incorporated herein, the investigation to date has revealed, in substance and in part, that Goldstein has concealed from the United States his ownership of assets exceeding $10,000 maintained in foreign financial accounts and the income that flowed through those accounts.

5.      The investigation revealed that between 2016 and 2020, Goldstein maintained foreign bank accounts for himself and his then-law firm, Goldstein & Russell, P.C. ("G&R"), at Universal Capital Bank AD Podgorica ("UCB"), located in Podgorica, Montenegro. In 2016, a UCB account in Goldstein's name received €926,872.70, and Goldstein then wired $885,000 of those funds to a U.S. bank account that he controlled. Similarly, in 2018, that same account at

UCB received €862,142.19, and Goldstein later wired that money to a U.S. bank account. Goldstein did not report this money, or interest earned on this money, as income on his federal tax returns.

6.      The investigation also revealed that in 2016 through 2020, Goldstein failed to report the UCB bank accounts on his federal tax returns and failed to file Reports of Foreign Bank and Financial Accounts ("FBARs") disclosing the accounts to the Department of the Treasury.

7.      During the course of the Government's investigation, Goldstein made various statements to an agent from the Internal Revenue Service where he indicated, in substance, that he was unaware of the FBAR filing requirement. Goldstein, however, was previously involved in a United States Supreme Court case that addressed FBAR-related issues, with an amicus brief listing him as an attorney for the amici.

8.      UCB is located in and/or based in Montenegro, and the UCB bank accounts and related records are also located there.

9.      Based on the above and the more detailed Declaration of Special Agent Accardi, it reasonably appears that evidence of the Target Offenses, including bank account and business records, is located in Montenegro.

10.      On September 25, 2023, at the prosecutors' request, the Office of International Affairs of the United States Department of Justice ("OIA") made an official request to Montenegro for legal assistance in obtaining evidence ("First Montenegrin Request"). A copy of the letter transmitting the First Montenegrin Request is attached as Exhibit B.

11.      No final action has been taken by Montenegro on any of the United States' requests to that country.

WHEREFORE, based on the above, this Court should grant the government's Application

for a suspension of the statute of limitations in accordance with the time limits set forth in Sections

3292(b) and (c).

Respectfully submitted,

Erek L. Barron
United States Attorney

Dated: October 27, 2023

Patrick D. Kibbe
Assistant United States Attorney
District of Maryland

Stanley J. Okula, Jr.
Senior Litigation Counsel

I her... ...... ...... on __3 November 2023__
that ...... ...... is a full, true and correct
copy ...... ...... on file in my office and in my
legal custody.
CATHERINE M. STAVLAS
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND

By _____ Deputy

Emerson Gordon-Marvin
Trial Attorney
U.S. Department of Justice, Tax Division
950 Pennsylvania Avenue NW
Washington, D.C. 20530
Emerson.Gordon-Marvin@usdoj.gov

4

