IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | |
| v. | * | |
| | * | **CRIMINAL NO. LKG-25-6** |
| | * | |
| **THOMAS C. GOLDSTEIN,** | * | |
| | * | |
| **Defendant.** | * | |
| | * | |

**DEFENDANT THOMAS C. GOLDSTEIN'S
NOTICE CONCERNING HIS MOTION TO DISMISS
ALLEGATIONS CONCERNING EMPLOYEES (ECF NO. 122) AND HIS MOTION
FOR BILL OF PARTICULARS (ECF NO. 125)**

Defendant Thomas C. Goldstein respectfully submits this notice in advance of the September 24, 2025 hearing to advise the Court that the government has clarified its position with respect to two of the pretrial motions, as this additional information may be helpful to the Court in its consideration of the two motions.

*First*, Mr. Goldstein has moved to dismiss on due process grounds the government's allegation that the deduction of salary and benefits for certain employees of the law firm Goldstein & Russell constituted tax evasion. ECF No. 122. Mr. Goldstein's reply (ECF No. 154) noted that the theory of liability set forth in the government's opposition could be understood in two different ways. On the one hand, the government could be alleging that the individuals were not bona fide employees, and therefore the firm was not permitted to deduct any portion of their salary and benefits. *See* ECF No. 154, at 3-4; *see also* Superseding Indictment, ECF No. 159, ¶ 57 (alleging that the employees were "not bona fide employees"). Alternatively, the government could be alleging that the firm was entitled to deduct some (but not all) of the

1

salary and benefits paid to the individuals, since three of the four individuals indisputably performed work for the firm and the fourth went on unpaid medical leave very shortly after her start date. *See* ECF No. 154, at 3-4; *see also* Superseding Indictment, ECF No. 159, ¶ 13 (alleging that the employees "performed little or no work").

*Second*, Mr. Goldstein has moved for a bill of particulars, asking the government to identify, *inter alia*, "[t]he specific amount of the four employees' salaries and insurance premiums that the government alleges were improperly deducted as business expenses." ECF No. 125, at 9. In that motion, Mr. Goldstein pointed out the same ambiguity identified above, and argued that he was left "to guess about the government's theory of improper business deductions": "Did G&R improperly deduct 50% of their salaries and insurance premiums? 25%? Or even 100%?" *Id.* at 7.

Since Mr. Goldstein filed his replies in support of both motions, the government clarified by email that it is pursuing only the theory that the individuals were not bona fide employees of the law firm and therefore *none* of the salary and benefits paid to those individuals was deductible. On July 14, 2025, counsel for the government, Hayter Whitman, informed defense counsel by email that "[t]he Government's position is that the four women were not bona fide employees of the law firm, and that any payments to or on behalf of the women were not deductible."

Accordingly, the defense files this notice so that the Court is aware that it need not address at the upcoming motions hearing the theory that some (but not all) of the salary and benefits paid to the four individuals were improperly deducted. Based on the government's representation, the defense hereby withdraws that portion of its motion of bill of particulars that requests the "specific amount of the four employees' salaries and insurance premiums that the

government alleges were improperly deducted as business expenses."[1]  For the reasons set forth in the defense's motion to dismiss and reply (ECF Nos. 122, 154), however, the government's remaining theory about the four employees is unconstitutionally vague, and therefore the government should not be permitted to introduce evidence or present argument on it at trial.

Respectfully submitted,

*/s/ Jonathan I. Kravis*
Jonathan I. Kravis (Bar No. 31556)
Stephany Reaves (Bar No. 19658)
MUNGER, TOLLES & OLSON LLP
601 Massachusetts Avenue NW, Suite 500E
Washington, DC 20001
(202) 220-1100
Jonathan.Kravis@mto.com
Stephany.Reaves@mto.com

Adeel Mohammadi (pro hac vice)
MUNGER, TOLLES & OLSON LLP
350 S. Grand Avenue, 50th Floor
Los Angeles, CA 90071
(213) 683-9100
Adeel.Mohammadi@mto.com

*Attorneys for Defendant Thomas Goldstein*

Dated: September 11, 2025

---

[1]  For the avoidance of doubt, the defense's motion for bill of particulars is not moot and he still seeks an order requiring the government to identify: (1) the specific amounts of net gambling income (including both wins and losses) the Superseding Indictment alleges he underreported for 2016; and (2) the date(s) when Mr. Goldstein's tax payments should have been sent, and in what amount.  *See* ECF No. 150, at 9.