IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | * | |
| | * | |
| Plaintiff, | * | |
| | * | **CRIMINAL NO. LKG-25-6** |
| v. | * | |
| | * | |
| **THOMAS C. GOLDSTEIN,** | * | |
| | * | |
| Defendant. | * | |

********

### MOTION TO MODIFY THE PRE-TRIAL SCHEDULING ORDER

Counsel, on behalf of Thomas C. Goldstein, respectfully submits this Motion to modify the Amended Pre-trial Scheduling Order (ECF 155) as follows:

| | |
|---|---|
| Motions in Limine. | **November 10, 2025** |
| *Daubert* motions. | **November 10, 2025** |
| Responses to Motions in Limine. | **November 24, 2025** |
| Responses to *Daubert* motions. | **November 24, 2025** |
| Replies in support of Motions in Limine. | **December 3, 2025** |
| Replies in support of *Daubert* motions. | **December 3, 2025** |

At present, opening briefs for motions in limine and *Daubert* motions are due to this Court on October 24. When the Court set this schedule, the hearing on Mr. Goldstein's pretrial motions was set for September 24—one month before the filing deadline. Because the hearing on pretrial motions is now scheduled for November 6, counsel requests a brief modification in the schedule so that the parties have the benefit of the Court's rulings on Mr. Goldstein's pretrial

motions prior to submission. Knowing the Court's rulings at the time of filing will allow the defense to streamline its motions for more efficient briefing and argument. Moreover, the government is scheduled to provide the first set of Jencks material for important witnesses on November 3, and an extension of the deadline will allow counsel to incorporate those disclosures into its initial motions rather than file supplemental motions soon afterwards.

Counsel for Mr. Goldstein conferred with the government about this request but, unfortunately, were not able to come to an agreement. At the hearing on October 7, counsel for the government suggested a very similar schedule: opening briefs on November 10, response briefs on November 24, and reply briefs on December 8. The Court indicated, however, that receiving reply briefs on December 8 does not provide sufficient time for the Court to prepare before the December 12 hearing. The government has now represented that it would like to proceed on the current schedule or have the parties waive reply briefing.[1]

The defense objects to waiving reply briefing. The current schedule allows for one week between response briefing and replies, and the defense is willing to file on a similarly prompt schedule. Moreover, reply briefs are a regular aspect of practice before this Court. *See* Local Rule 105. Given the complexity of the issues in this case, the span of time covered by the indictment, and the breadth of discovery, it is critical that the defense has the opportunity to fully present its positions to the Court in advance of the hearing. If filing reply briefs on December 3 (or sometime that week) does not present sufficient time for the Court, the defense requests to proceed with the current schedule, but may have good cause to supplement the filings depending on the outcome of the upcoming hearing and additional disclosures from the government.

---

[1] The government indicated that it would consider consenting to a modified schedule if the defense left it to the Court to decide whether reply briefs are necessary.

        Respectfully submitted,

        */s/ Jonathan I. Kravis*

        Jonathan I. Kravis (Bar No. 31556)
        Stephany Reaves (Bar No. 19658)
        MUNGER, TOLLES & OLSON LLP
        601 Massachusetts Avenue NW, Suite 500E
        Washington, DC 20001
        (202) 220-1100
        Jonathan.Kravis@mto.com
        Stephany.Reaves@mto.com

        Adeel Mohammadi (*pro hac vice*)
        MUNGER, TOLLES & OLSON LLP
        350 S. Grand Avenue, 50th Floor
        Los Angeles, CA 90071
        (213) 683-9100
        Adeel.Mohammadi@mto.com

        *Attorneys for Defendant Thomas Goldstein*