IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>THOMAS GOLDSTEIN,<br><br>Defendant. | CRIMINAL NO. LKG-25-0006 |

### Government's Motion *in Limine* to Preclude Defendant from Offering Argument or Evidence Concerning Alleged Deficiencies in the Government's Investigation or Disclosures

This Court should reject any attempt by Defendant Thomas Goldstein ("Defendant" or "Goldstein") to infect this trial with any false allegations that the government's investigation was deficient, its disclosures were imperfect, grand jury error, or prosecutorial misconduct. Based on Defendant's allegations in its pretrial motions filings, statements made by his counsel in court, and electronic communications, the government expects that Defendant may attempt to raise some of these improper arguments at trial. The Rules of Criminal Procedure and courts around the nation have consistently explained that these matters, though proper pretrial, are not relevant to Defendant's guilt and, thus, should not be heard by a jury. For this reason, and that the allegations are baseless, this Court should reach the same conclusion.

I.   **Relevant Facts and Background**

The government conducted a lengthy and thorough investigation in this case resulting in a 22-count Superseding Indictment charging Defendant with four counts of Tax Evasion (Counts One through Four), ten counts of Aiding and Assisting the Preparation of False and Fraudulent Tax Returns (Counts Five through Fourteen), five counts of Willful Failure to Pay Taxes (Counts Fifteen through Nineteen), and three counts of False Statements on a Loan Application (Counts

Twenty through Twenty-two). Dkt. No. 1. Since then, the government has produced over 350,000 pages of documents pursuant to Rule 16, summaries of potential *Brady* information for thirty-three witnesses, and full statements for five additional witnesses. Further, though not required, the government agreed to produce Jencks material for trial witnesses, including grand jury transcripts, over a month before the beginning of trial. Over the past year, the government worked in good faith to facilitate Defendant's review of the voluminous material, including even pointing out the bates stamped locations and dates of particular *Brady* material.

Nevertheless, Defendant has frequently and baselessly challenged the government about its discovery disclosures, grand jury investigation, and, even gone so far as to state that the government misled the Court. *See, e.g.,* Dkt. No. 124 at 1 ("Those applications and accompanying declarations were based on material misrepresentations and outright falsehoods. The defense summarized some of these falsehoods — those that the government has already admitted — in its reply brief in support of its emergency motion for grand jury discovery."); Dkt. No. 125 at 5 ("Specifically, though the government alleges that Mr. Goldstein failed to report gambling winnings for each year, it has only provided the defense with certain alleged gambling *winnings* information, while providing him with no information about gambling *losses* and incomplete information about third parties who allegedly "staked" Mr. Goldstein's poker matches.") (emphasis in original); Dkt. No. 126 at 1 ("To the defense's knowledge, the government has never before charged a taxpayer with a crime under these circumstances."); Dkt. No. 127 at 1-2 ("Mr. Goldstein has a good faith basis to believe that the government asked numerous witnesses about irrelevant, intimate information—for no other purpose than to prejudice the grand jury against him.").

These allegations lack merit. However, the government is concerned that Defendant may nonetheless attempt to make similar arguments at trial. Although Defendant is free to raise such issues with the Court in advance of trial, such a line of argument at trial would be irrelevant and risk confusing the jury, particularly where, as here, Defendant has not identified any connection between his unfounded accusations and the elements of the offense. The government, therefore, respectfully requests that this Court prohibit such questioning, argument, or evidence concerning any alleged insufficiency of the government's investigation or allegations of prosecutorial misconduct.

## II.  Legal Standard for Motions *in Limine*

"Motions *in limine* aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial." *U.S. v. Mosby*, 22-cr-007 (LKG), Dkt. No. 105 (citing *Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996) (internal citations omitted)). "A motion *in limine* to preclude evidence calls on the court to make a preliminary determination on the admissibility of the evidence under Rule 104 of the Federal Rules of Evidence." *Highland Capital Management, L.P. v. Schneider*, 379 F. Supp. 2d 461, 470 (S.D.N.Y. 2005) (internal citations omitted). "Evidence should be excluded on a motion *in limine* only when the evidence is clearly inadmissible on all potential grounds." *Walker v. Schult*, 365 F.Supp.3d 266, 275 (N.D.N.Y. 2019) (cleaned up).

The court is granted wide discretion in rulings governing trial, including whether to preclude or admit evidence, prohibit comment, arguments, and/or questioning. i, e.g., *Herring v. New York*, 422 U.S. 853, 862 (1975) ("The presiding judge must be and is given great latitude in ... that argument does not stray unduly from the mark, or otherwise impede the fair and orderly conduct of the trial ... he must have broad discretion."); *see also United States v. Jones*, 356 F.3d

529, 535 (4th Cir. 2004) ("The decision to admit evidence at trial is committed to the sound discretion of the district court and is subject to reversal only if the court abuses that discretion."); *United States v. Schnabel*, 939 F.2d 197, 202 (4th Cir. 1991) ("[T]he decision to exclude evidence because of possible prejudicial effect rests in the sound discretion of the trial court."); *United States v. Wables*, 731 F.2d 440, 449 (7th Cir. 1984) ("Since it [is] the court's responsibility to present [the law] to the jury in a clear manner, the court did not abuse its discretion by requiring the defense counsel to argue consistently with the correct law."). Arguments related to the government's investigation, discovery disclosures, and charging decisions should be excluded because they are not a matter for jury, have been rejected by this Court, are irrelevant to this case, and will serve only to confuse the jury and waste the Court's time and resources.

### III. Argument

#### a. The Court Should Preclude Defendant from Offering Argument or Evidence Concerning Alleged Deficiencies in the Government's Investigation or Disclosures.

"Under our system of criminal justice, the issue submitted to the jury is whether the accused is guilty or not guilty. The jury is not asked to render judgment about non-parties, nor is it normally asked to render a verdict on the government's investigation." *United States v. McVeigh*, 153 F.3d 1166, 1192 (10th Cir. 1998), *cert. denied*, 526 U.S. 1007 (1999). "It is well-established that arguments regarding an alleged vindictive or selection prosecution are not admissible at trial." *United States v. Mosby*, 626 F. Supp. 3d 847, 859 (D. Md. 2022) (citing *United States v. Benson*, 957 F.3d. 218 (4th Cir. 2020) (recognizing that non-prosecution decisions are irrelevant because they take into consideration a variety of valid discretionary reasons)). A defendant may not put the government on trial by arguing that there was something more the government could have done to investigate the case when the defendant has not made any connection between an allegedly

4

poor investigation and any evidence introduced at trial. *McVeigh,* 153 F.3d at 1192. Evidence elicited to support a broad claim that the government's investigation of the case was sloppy or inadequate, without this requisite connection, is irrelevant and thus inadmissible because the jury will be called upon to determine whether the government's investigation was good or bad and not whether the defendant is guilty or not guilty. *See United States v. Veal*, 23 F.3d 985, 989 (6th Cir. 1994); *United States v. Cordova*, 157 F.3d 587, 594 (8th Cir. 1998) (upholding exclusion of "exhaustive exploration of things not done in the "investigation" as "time-consuming and of little relevance" because "real issue at trial was whether the government's witnesses were truthful and whether their testimony was sufficient to convict"). Any attempt by the defendant to shift the spotlight to efforts the government could have taken in the investigation inevitably diverts the jury's attention from the issues of the trial. *McVeigh*, 153 F.3d at 1192.

In *United States v. Robbins*, 197 F.3d 829, 845 (7th Cir. 1999), the Seventh Circuit affirmed the trial judge's refusal to have the "trial become a trial of the investigation," holding that the district court properly excluded under Rule 403, a line of cross-examination by the defendant of a DEA agent where defendant intended to impugn the thoroughness of the investigation to demonstrate that people other than the defendant were responsible for the crime. The Court deemed the proffered cross-examination to be of "marginal relevance." Similarly, in *United States v. Estell*, F.3d 2016 WL 909185 (7th Cir. 2016), the adequacy of the investigation was deemed a "tangential issue that could confuse the jury."

Here, the jury is asked only to determine whether the evidence, or the lack thereof, is sufficient to support finding Goldstein guilty of the counts alleged in the Superseding Indictment. It is irrelevant what investigative steps *could* have been taken, only whether the steps that were taken were sufficient to prove the matter beyond a reasonable doubt. Further, questioning what

steps could have been taken invites the jury to speculate on what the results of those techniques would have been had they in fact been taken.[1] Therefore, the government respectfully requests this Court preclude such questions or argument by the defendant at trial.

### b. Defendant May Not Raise Its Baseless Claims of Prosecutorial Misconduct or Grand Jury Error at Trial

#### i. Any allegations of grand jury error, misuse or misconduct (though unsupported here) may only be raised pretrial

Federal Rule of Criminal Procedure 12(b)(3) provides that a "motion alleging a defect in instituting the prosecution," including "alleging a defect in the indictment or information" or "error in the grand-jury proceeding . . ." must be raised before trial. *United States v. Ilonia*, 125 F.3d 849 (4th Cir. 1997) (recognizing that, except for good cause, an error in the grand jury, including inaccurate testimony, must be raised pretrial); *United States v. Regan*, 103 F.3d 1072, 1082 (2d Cir. 1997) ("Indeed, we have specifically noted that it is preferable to leave any issues of the lawfulness of the grand jury inquiry for determination by the Court.") (omitting internal quotations); *United States v. Jones*, No. 22-2064, 2025 WL 1683474, at *1 (3d Cir. June 16, 2025) ("[W]hen a defendant fails to raise a challenge to the grand jury proceedings in a pretrial motion,

---

[1] To the extent that the Court determines that the defendant is allowed to elicit some evidence regarding a specific technique not taken with respect to a piece of admitted evidence, the government requests the following instruction be given at the time of that questioning:

> You may consider these facts [insert evidence] in deciding whether the Government has met its burden of proof, because you should look to all of the evidence or lack of evidence in deciding whether the Defendant is guilty. However, there is no legal requirement that the Government use any specific investigative techniques or all possible techniques to prove its case. Your concern is to determine whether or not the evidence admitted in this trial proves the defendant's guilt beyond a reasonable doubt.

*United States v. Mason*, 954 F.2d 219, 222 (4th Cir. 1992).

Moreover, should the court allow the defendant to open the door into this line of inquiry and argument, then the government requests that it be permitted to rebut the defendant's argument with law enforcement witnesses who will testify about the various steps that were taken in conjunction with this investigation, how investigations generally proceed, why certain investigative tools or techniques are not often used under similar circumstances, and that this case used far more investigative tools than most.

6

we may review his claim only where he demonstrates "good cause" for the delay."); *United States v. Fogg*, 922 F.3d 389, 391 (8th Cir. 2019) (holding that an error in the grand jury proceeding "must be raised by pretrial motion"); *United States v. Zamor*, 810 F. App'x 844 (11th Cir. 2020) ("A defendant must raise a motion alleging "a defect in instituting the prosecution, including ... an error in the grand-jury proceeding or preliminary hearing" before trial."); *United States v. Collins*, 684 F.3d 873, 886 (9th Cir. 2012) (holding that defendant waived his challenge to any alleged defects in the grand jury instructions because he failed to raise the issues pretrial); *United States v. Kahlon*, 38 F.3d 467, 469 (9th Cir. 1994) ("Failure to raise [an objection to grand jury] defects before trial results in waiver of the objections."). Even claims of prosecutorial misconduct may only be presented to the Court by motion. *See United States v. Schmidt*, 935 F.2d 1440, 1450 (4th Cir. 1991) ("It is well-settled that defenses and objections based on defects in the institution of the prosecution must be raised prior to trial").

Defendant's unfounded allegations of misconduct related to the investigation and prosecution of this case are wholly irrelevant to the crimes charged in the Superseding Indictment and the matters that the jury will have to decide. *See, e.g., United States v. Regan*, 103 F.3d 1072, 1082 (2nd Cir. 1997) (claims of government misconduct are "ultimately separate from the issue of [a defendant's] factual guilt"); *United States v. Washington*, 705 F.2d 489, 495 (D.C. Cir. 1983) (similar). Evidence or argument concerning issues unrelated to those crimes, including frivolous allegations of prosecutorial misconduct in the investigation or grand jury, are not relevant.

The only reasons for—and likely effect of—advancing these categories of evidence or argument would be to confuse jurors, to encourage jury nullification, or raise selective prosecution arguments. Those purposes do not justify admitting otherwise irrelevant evidence at trial. *See United States v. Calderon*, 554 F. App'x 143 (4th Cir. 2014) (upholding a trial court's decision to

we may review his claim only where he demonstrates "good cause" for the delay."); *United States v. Fogg*, 922 F.3d 389, 391 (8th Cir. 2019) (holding that an error in the grand jury proceeding "must be raised by pretrial motion"); *United States v. Zamor*, 810 F. App'x 844 (11th Cir. 2020) ("A defendant must raise a motion alleging "a defect in instituting the prosecution, including ... an error in the grand-jury proceeding or preliminary hearing" before trial."); *United States v. Collins*, 684 F.3d 873, 886 (9th Cir. 2012) (holding that defendant waived his challenge to any alleged defects in the grand jury instructions because he failed to raise the issues pretrial); *United States v. Kahlon*, 38 F.3d 467, 469 (9th Cir. 1994) ("Failure to raise [an objection to grand jury] defects before trial results in waiver of the objections."). Even claims of prosecutorial misconduct may only be presented to the Court by motion. *See United States v. Schmidt*, 935 F.2d 1440, 1450 (4th Cir. 1991) ("It is well-settled that defenses and objections based on defects in the institution of the prosecution must be raised prior to trial").

Defendant's unfounded allegations of misconduct related to the investigation and prosecution of this case are wholly irrelevant to the crimes charged in the Superseding Indictment and the matters that the jury will have to decide. *See, e.g., United States v. Regan*, 103 F.3d 1072, 1082 (2nd Cir. 1997) (claims of government misconduct are "ultimately separate from the issue of [a defendant's] factual guilt"); *United States v. Washington*, 705 F.2d 489, 495 (D.C. Cir. 1983) (similar). Evidence or argument concerning issues unrelated to those crimes, including frivolous allegations of prosecutorial misconduct in the investigation or grand jury, are not relevant.

The only reasons for—and likely effect of—advancing these categories of evidence or argument would be to confuse jurors, to encourage jury nullification, or raise selective prosecution arguments. Those purposes do not justify admitting otherwise irrelevant evidence at trial. *See United States v. Calderon*, 554 F. App'x 143 (4th Cir. 2014) (upholding a trial court's decision to

exclude evidence when threat of jury nullification trumps the marginal probative value of potential cross examination); *United States v. Gorham*, 523 F.2d 1088, 1097-1098 (D.C. Cir. 1975) (upholding trial court's decision to preclude evidence relevant only to jury nullification); *see also United States v. Rushin*, 844 F.3d 933, 942 (11th Cir. 2016) (same); *United States v. Castro*, 411 Fed. App'x 415, 420 (2d Cir. 2011) (same); *United States v. Funches*, 135 F.3d 1405, 1408-1409 (11th Cir. 1998) (same); *United States v. Washington*, 705 F.2d 489, 495 (D.C. Cir. 1983) ("Claims of selective prosecution are thus "entirely independent of the ultimate issue of whether the defendant actually committed the crimes for which she was charged."). For that reason, courts have held evidence and argument about prosecutorial motivations are irrelevant and should be excluded at trial. *See, e.g., United States v. Clay*, 618 F.3d 946, 955-956 (8th Cir. 2010); *United States v. Abboud*, 438 F.3d 554, 579-580 (6th Cir. 2006); *United States v. Berrigan*, 482 F.2d 171, 174-176 (3d Cir. 1973).

Defendant had an opportunity to present these allegations pretrial. First, he attempted to conduct a phishing expedition to obtain records relevant to the government's investigative decisions. On February 17, 2025, counsel for Goldstein sent the government a letter seeking documents that could only be used to attack the investigation itself. Specifically, Defendant requested thirteen categories of documents and information concerning the "conduct of the investigation"—including "[d]ocuments sufficient to identify the resources spent by the government on this investigation, including salaries and travel." Later, on June 26, 2025, defense counsel told the government that "[i]t is very likely that we are going to have motions in limine to file based on the content of the grand jury transcript[.]" Defense counsel made this declaration long before the parties' agreed upon Jencks deadline and, thus, prior to receiving any grand jury transcripts. These examples, among others, signal to the government that Defendant plans to raise

grand jury error and misuse arguments. The government requests that this Court order that these unsubstantiated claims be precluded from trial because they have no bearing on whether Goldstein is guilty or not—the only matter for the jury to decide.

> ii. **Defendant's unfounded claims should be excluded under Federal Rule of Evidence 403**

Defendant's unfounded allegations should also be excluded because they pose significant risks of unfair prejudice, confusing or misleading the jury, and undue delay. *See* Fed. R. Evid. 403. Even if evidence related to Defendant's allegations had "marginal relevance" to this case (though it does not), the "likely (and presumably intended) effect" would be "to shift the focus away from the relevant evidence of [the defendant's] wrongdoing" to matters that are, at most, "tangentially related." *United States v. Malpeso*, 115 F.3d 155, 163 (2d Cir. 1997) (upholding exclusion of evidence of alleged misconduct by FBI agent). This would "risk[] needlessly delaying the trial" and "create[] the very real possibility that the jury would improperly discredit the government's case." *Id*. Courts regularly exclude such evidence when it would waste time during trial and would risk confusing or misleading the jury. *United States v. Blowers*, 268 Fed. App'x 504, 506 (9th Cir. 2008) (upholding exclusion of cross-examination on issues of selective prosecution, because "it would be needlessly time-consuming and confusing"); *United States v. Cleveland*, No. 96-cr-207, 1997 WL 253124, at *3 (E.D. La. May 14, 1997) ("any probative value" of "evidence concerning the motivation of the prosecution" is "substantially outweighed by its potential for unfair prejudice and for misleading the jury.").

As discussed, these allegations are unsubstantiated. Allowing such groundless accusations to be made at trial will serve only to confuse the jury and waste the Court's time. The introduction of such matters would only invite further confusion and produce an unnecessary 'mini-trial' on matters this Court has already considered and rejected. This Court should exclude these arguments.

## CONCLUSION

Based on the foregoing, the United States asks the Court to preclude the defense from (i) providing any evidence or making arguments alleging deficiencies in the government's investigation; or (ii) alleging any misconduct or error in the grand jury at trial because these matter must be raised prior to trial and could only be used to confuse the jury and unfairly prejudice the government.

Respectfully submitted,
Kelly O. Hayes
United States Attorney

/s/
Adeyemi Adenrele
Assistant United States Attorney
District of Maryland

Sean Beaty
Senior Litigation Counsel
Department of Justice—Tax Division

Emerson Gordon-Marvin
Hayter Whitman
Trial Attorneys
Department of Justice—Tax Division