IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CRIMINAL NO. LKG-25-6 |
| | * | |
| THOMAS C. GOLDSTEIN, | * | |
| | * | |
| Defendant | * | |
| | * | |
| ******* | | |

**GOVERNMENT'S REPLY IN SUPPORT OF MOTION *IN LIMINE* TO PRECLUDE IMPROPER ARGUMENTS**

In response to the government's motion to preclude Goldstein from making improper arguments, Goldstein confirms his intent to do just that. Specifically, Goldstein plans to (i) muddle the trial record and confuse the jury with irrelevant "good act" evidence, and (ii) argue, contrary to the law, that Goldstein's intent to pay his taxes at some time in the future absolves him of his willful failure to timely pay his taxes.

Goldstein also misreads the government's motion as seeking to preclude any mention of "the existence of civil tax remedies." The government simply seeks to prevent Goldstein from making the impermissible jury nullification argument that this matter should have been resolved with a *civil* resolution and *not* a *criminal* prosecution. Any such nullification argument is plainly inappropriate under the law.

### I. Goldstein's prior compliance with the tax laws is irrelevant to—and therefore not admissible to support—Goldstein's willfulness defense.

The Fourth Circuit has long held that "[t]he contention that evidence of innocence on one occasion has probative value in establishing lack of guilt in an entirely different [occasion] has been rejected in the usual case, by the courts." *United States v. Null*, 415 F.2d 1178, 1181 (4th Cir. 1969). Simply put, "[e]vidence of good conduct is not admissible

to negate criminal intent." *United States v. Camejo*, 929 F.2d 610, 613 (11th Cir. 1991). *See also*, *United States v. Scarpa*, 897 F.2d 63, 70 (2d Cir. 1990) ("A defendant may not seek to establish his innocence . . . through proof of the absence of criminal acts on specific occasions."); *United States v. Ellisor*, 522 F.3d 1255, 1270 (11th Cir. 2008) ("The fact that Ellisor purportedly produced other shows does not bear on his intent to defraud with respect to the Christmas show, and is therefore irrelevant."); *United States v. Marrero*, 904 F.2d 251, 260 (11th Cir. 1990) ("The fact that Marrero did not overcharge in every instance in which she had an opportunity to do so is not relevant to whether she, in fact, overcharged as alleged in the indictment.").

As the Sixth Circuit's decision in *Daulton* elucidates, the relevance of prior "good act" evidence is particularly low in tax cases in which the defendant is charged with a series of separable tax crimes. *United States v. Daulton*, 266 F. App'x 381, 386 (6th Cir. 2008). Here, as in *Daulton*, Goldstein is charged with *specific instances* of criminal conduct (*i.e.*, the failure to report specific income items and the false claims of specific personal expenses as business deductions). Even if Goldstein ensured *some* transactions were properly recorded on his firm's books and records as income to him, that offers *no insight* to his willful violations of the tax laws with respect to *other* transactions.

## II. Evidence of Goldstein's subsequent payments to the IRS are inadmissible to refute his willful failure to timely pay his taxes unless Goldstein testifies.

"If a taxpayer willfully fails to report his income by not filing a return, or fails to timely pay his tax, the violation of Section 7203 is complete, irrespective of whether the taxpayer intends to comply with those duties at a later date." Mem. Op. 12, Dkt. 237 at 12 (citing *Sansone v. United States*, 380 U.S. 343, 354 (1965)). Goldstein's willful failure to pay his taxes for the years charged in Counts 15 through 19 of the Second Superseding

Indictment was complete on the dates those taxes were due, *regardless* of whether Goldstein thought he could make the IRS whole later with the payment of penalties and interest.

The government acknowledged at the November 6, 2025, hearing that the fact of Goldstein's late payments is alleged in the indictment in conjunction with the mortgage fraud counts, and the government expressly did not ask the Court to exclude evidence of Goldstein's untimely payments to the IRS at trial. The government simply asks that the Court preclude Goldstein from arguing that his late payment of his taxes is evidence that *negates* Goldstein's willful failure to timely pay his taxes. Naturally, Goldstein can testify at trial to what he thought his legal obligation was as of the due date each year, and the jury can decide whether it believes him considering the volume of evidence against him. But, unless Goldstein testifies, the untimely payments do not in-and-of-themselves establish Goldstein's good faith (*i.e.*, lack of willfulness). And proof that Goldstein knew the taxes were due on the filing deadline and decided not to comply with that deadline because he would make it up later is the very definition of willfulness under *Cheek*: Goldstein's knowing disregard of the law, or disagreement with it, is not a defense. *Cheek v. United States*, 498 U.S. 192, 196-97 (1991).

### III. The Court should not allow Goldstein to argue for jury nullification, including that Goldstein should have been offered a civil resolution instead of a criminal prosecution.

Goldstein is not permitted to seek jury nullification. *United States v. Muse*, 83 F.3d 672, 677 (4th Cir. 1996); *see also, United States v. Tinker*, No. 96-4917, 1998 U.S. App. LEXIS 1233, at *5 (4th Cir. Jan. 28, 1998). As with the untimely payment of Goldstein's taxes, the government expects that there will be evidence of Goldstein's initial participation in a payment plan with the IRS for the 2016 and 2017 tax years.

3

The government's request is simple: it asks the Court to preclude Goldstein from arguing that he should have never been criminally prosecuted because there were potential civil and administrative remedies available to the IRS. The existence of civil tax procedures and remedies, and the government's decision to use or forgo them, is "irrelevant to the issue of criminal liability" and Goldstein should not be entitled to present such an argument to the jury. *See United States v. DeMuro*, 677 F.3d 550, 565 (3d Cir. 2012) (quoting *United States v. Buras*, 633 F.2d 1356, 1360 (9th Cir. 1980)). Suggesting that alternative civil procedures should have been required prior to a criminal prosecution would improperly invite jury nullification and is a practice which has been repeatedly rejected in tax prosecutions. *United States v. Wiley*, 503 F.2d 106, 107 (8th Cir. 1974); *see also, DeMuro*, 677 F.3d at 565 (district court properly excluded evidence of civil tax remedy because "it opened the door to nullification, by inviting the jury to reason that the IRS should have continued to pursue the matter civilly rather than criminally"); *Buras*, 633 F.2d at 1360; *United States v. Burkhart*, 501 F.2d 993, 996 (6th Cir. 1974). Moreover, this request is consistent with the Court's ruling that Goldstein's participation in the civil enforcement process, including the subsequent payment of penalties and interest, does not preclude Goldstein's criminal prosecution. Dkt. 237 at 22-23.

Respectfully submitted,

KELLY O. HAYES
United States Attorney

/s/ Sean Beaty
Sean Beaty
Senior Litigation Counsel
Department of Justice—Tax Division

Emerson Gordon-Marvin
Hayter Whitman
Trial Attorneys
Department of Justice—Tax Division

Adeyemi Adenrele
Assistant United States Attorney
District of Maryland