# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND
# SOUTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | |
| | * | **CRIMINAL NO. LKG-25-6** |
| **THOMAS C. GOLDSTEIN,** | * | |
| | * | |
| Defendant. | * | |
| | ******** | |

## DEFENDANT THOMAS C. GOLDSTEIN'S
## MOTION TO EXCLUDE EMPLOYEE EVIDENCE

## TABLE OF CONTENTS

**Page**

INTRODUCTION ..................................................................................................................1

ARGUMENT..........................................................................................................................1

I.      The Employees Evidence Is Not Admissible For Counts 15-19. ........................1

II.     The Employees Evidence Is Not Admissible For Counts 9-13. ..........................2

CONCLUSION......................................................................................................................4

i

# **TABLE OF AUTHORITIES**

**Page(s)**

**FEDERAL CASES**

*United States v. Aramony*,
  88 F.3d 1369 (4th Cir. 1996) ............................................................................................. 2

*United States v. Barbera*,
  No. 02 CR 1268 (RWS), 2005 WL 2709112 (S.D.N.Y. Oct. 21, 2005) .......................... 4

*United States v. Briley*,
  770 F.3d 267 (4th Cir. 2014) ............................................................................................. 3

*United States v. Ragen*,
  314 U.S. 513 (1942) .......................................................................................................... 4

*United States v. Salerno*,
  902 F.2d 1429 (9th Cir. 1990) .......................................................................................... 2

**FEDERAL STATUTES**

26 U.S.C. § 7201 ..................................................................................................................... 3

26 U.S.C. § 7206 ..................................................................................................................... 4

26 U.S.C. § 7206(2) ............................................................................................................ 2, 3

**RULES - OTHER**

Fed. R. Evid. 403 .................................................................................................................... 4

**INTRODUCTION**

At the December 12, 2025 motions hearing, the Court granted the defense motion to dismiss allegations concerning particular employees. ECF No. 297, at 13-14; *see* ECF No. 122 (motion to dismiss). The Court ruled that the government's theory of tax evasion based on those allegations was void for vagueness because "there is no clear standard that would allow an ordinary intelligent person to distinguish lawful conduct from criminal conduct based upon the specific facts of this case." ECF No. 297, at 11.

In its opposition to the original motion to dismiss (ECF No. 135), and again in its supplemental filing (ECF No. 230), the government argued that the evidence underlying this theory of tax evasion is admissible on the alternative ground that it is relevant to other counts in the Indictment. In its reply, and at the hearing, the defense opposed this alternative theory, arguing that this evidence is enormously prejudicial to the defense and has scant probative value to the other counts. While the Court declined to address this issue at the December 12 hearing, the Court agreed that this evidence is highly prejudicial, and noted that the defense would have a strong argument to exclude it now that the government's tax evasion theory has been struck as unconstitutionally vague. Because the admissibility of this evidence will affect many aspects of the trial, including jury instructions, opening statements, and the relevance of several fact witnesses, the defense respectfully requests that the Court rule on this issue before the trial begins and exclude the employees evidence.

**ARGUMENT**

**I.    The Employees Evidence Is Not Admissible For Counts 15-19.**

In its original opposition, the government argued that the employees evidence might be relevant to Counts 15-19 of the Indictment (willful failure to pay taxes) because Mr. Goldstein's personal payments to the employees would "tend to show Defendant was willfully failing to pay

1

his taxes … and instead choosing to spend money on personal matters." ECF No. 135, at 27. The government appears to have abandoned this theory—it did not make this argument in its supplemental brief or at the motions hearing—and for good reason. The probative value of evidence of Mr. Goldstein's spending on the employees is minimal.

**II.    The Employees Evidence Is Not Admissible For Counts 9-13.**

In its supplemental brief, the government for the first time raised a new theory—that the employees evidence might be relevant to Counts 9-13 (aiding and assisting the preparation of false and fraudulent tax returns in violation of 26 U.S.C. § 7206(2)) based on the line items in those returns deducting salary and benefits. This argument is squarely foreclosed by the Court's ruling on the motion to dismiss.

Section 7206(2) requires the government to prove that the defendant aided in the preparation of a return that was "'fraudulent or false as to a material matter'" and that the defendant acted willfully. *United States v. Aramony*, 88 F.3d 1369, 1382 (4th Cir. 1996) (quoting *United States v. Salerno*, 902 F.2d 1429, 1432 (9th Cir. 1990)). The government's theory of the relevance of the employees evidence to these counts would have to be that Mr. Goldstein willfully assisted in the preparation of tax returns that falsely deducted the salary and benefits of the four employees. But this is just a repackaged version of the theory of liability that the Court has already rejected as unconstitutionally vague. After all, assistance in the preparation of the allegedly false tax returns is the means by which the government alleged that Mr. Goldstein committed tax evasion through the deduction of the salary and benefits of the employees. The tax evasion was alleged to have occurred when the payments were deducted as business expenses. That occurred only when the tax returns deducting those payments were prepared and filed.

The Court's ruling that the government's theory of tax evasion is unconstitutionally vague necessarily means that the evidence underlying that theory has no probative value with respect to

the charge of willfully filing false returns. In its ruling on the motion to dismiss, the Court held that the government failed to identify any "clear standard for determining the minimum number of hours of work required to render an employee's salary a business expense." ECF No. 297, at 12. The Court further held that the government could not identify any standard for determining "how much time may elapse after an employee completes her tasks before the payments become a personal expense," or "whether and when a person commits tax evasion by continuing to pay the health insurance premiums for an employee who has taken medical leave." *Id*. Because the government could identify no clear standard, the Court was "not satisfied that the Defendant, or a person of ordinary intelligence, would know that the conduct alleged in this criminal matter with regards to the four women employees falls within the scope of Section 7201." *Id*.

Because Mr. Goldstein could not have known that the deduction of the salary and benefits of the employees constituted tax evasion, he also could not have known that listing the salary and benefits as business expenses on the firm tax returns rendered those returns false or fraudulent. Therefore, the employees evidence has no probative value with respect to the Section 7206(2) charges.

This evidence has minimal probative value with respect to Counts 9-13 for another reason—the value of the payments at issue is very low. By the defense's calculation (which the government has never disputed), the total alleged effect on the relevant firm tax returns is approximately $39,000. During the years in question, the Indictment alleges that the firm took total deductions of $6.8 million and $4.8 million. Evidence that those deductions were overstated by about $39,000 based on the tax treatment of the salary and benefits paid to the employees has very minimal probative value with respect to the allegation that those returns were materially false and that Mr. Goldstein acted willfully. *See United States v. Briley*, 770 F.3d 267, 277 (4th Cir.

3

2014) (erroneous to admit evidence of defendant's intimate relationships, even where evidence had "some slight probative value," because "using the least serious charge as a conduit for bringing in unseemly acts not charged in the indictment—which then might affect consideration of the more serious charges— risked directing the jury's attention to the wrong place" (citation modified)).

The negligible probative value of this evidence with respect to the Section 7206 charges is easily outweighed by the substantially prejudicial effect of this evidence. As Mr. Goldstein has argued in his prior filings, this evidence invites the jury to convict Mr. Goldstein based on details about his personal life that are not criminal in nature. This is a breathtakingly broad and vague rule that would potentially criminalize countless business judgments. Unsurprisingly, the two criminal cases cited by the government in its supplemental filing do not remotely support its position. *See* ECF No. 230 at 5-6 (citing *United States v. Ragen*, 314 U.S. 513 (1942); *United States v. Barbera*, No. 02 CR 1268 (RWS), 2005 WL 2709112 (S.D.N.Y. Oct. 21, 2005)).

Finally, in addition to the serious and unfair prejudice that would result from introduction of this evidence compared to any minimally probative value, evidence about these employees would confuse the issues, mislead the jury, and waste time. *See* Fed. R. Evid. 403. There is no legitimate reason in this already complex trial for the jury to hear testimony about Mr. Goldstein's personal relationships where the only relevance is (1) a novel criminal tax theory that the Court has already found constitutionally deficient, or (2) an example of Mr. Goldstein's personal spending, when the government has ample and less prejudicial evidence of his expenses.

## **CONCLUSION**

Given the Court's ruling on Mr. Goldstein's Motion to Dismiss Allegations Concerning Employees, and given that unfair prejudice substantially outweighs any probative value of the evidence, Mr. Goldstein respectfully requests that the Court exclude evidence of the employee allegations for all purposes.

4

|  |  |
|---|---|
| Dated: December 18, 2025 | Respectfully submitted, |
|  | /s/ Jonathan I. Kravis |

Jonathan I. Kravis (Bar No. 31556)
Stephany Reaves (Bar No. 19658)
Sarah E. Weiner (*pro hac vice*)
MUNGER, TOLLES & OLSON LLP
601 Massachusetts Avenue NW, Suite 500E
Washington, DC 20001
(202) 220-1100
Jonathan.Kravis@mto.com
Stephany.Reaves@mto.com
Sarah.Weiner@mto.com

Adeel Mohammadi (*pro hac vice*)
MUNGER, TOLLES & OLSON LLP
350 S. Grand Avenue, 50th Floor
Los Angeles, CA 90071
(213) 683-9100
Adeel.Mohammadi@mto.com

*Attorneys for Defendant Thomas Goldstein*

5