# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **UNITED STATES OF AMERICA** | |
| v. | **CRIMINAL NO. LKG-25-0006** |
| **THOMAS C. GOLDSTEIN,** | |
| **Defendant.** | |

## GOVERNMENT'S RESPONSE IN OPPOSITION TO ATTORNEY A'S MOTIONS TO QUASH AND TO PROCEED UNDER A PSEUDONYM

The United States respectfully requests that the Court deny Attorney A's motions to quash (Dkt. 284) and to proceed anonymously (Dkt. 281). Because Attorney A's arguments are nearly identical to those already advanced by his client and business associate, John Doe, the government incorporates here its opposition to John Doe's motions. Dkts. 261 (motion to proceed anonymously), 264 (motion to quash), 274 (government's response to both). The Court should deny all four motions for the same reasons, including because the witnesses can provide relevant testimony at trial and compliance would not be unreasonable or oppressive. And as with John Doe's high-stakes poker activities, Attorney A's association with John Doe is public knowledge. Neither should be allowed to proceed anonymously in pretrial proceedings or at trial.[1]

The only unique argument Attorney A raises is privilege, and that fails as well. The government will not question Attorney A about attorney-client communications or other privileged matters. Instead, the government will question Attorney A about his interactions with Goldstein

---

[1] John Doe recently indicated through his litigation counsel (who also represent Attorney A) that his request to proceed anonymously was for pretrial proceedings and not trial. Dkt. 302 at 5-6. Attorney A's motion, however, is not limited on its face to pretrial proceedings. Regardless, neither witness has overcome the "general presumption of openness of judicial proceedings," *James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993), and their motions should be denied.

*while they were representing opposing parties*, such that the testimony will not be privileged. *See Pendergrass v. Pendergrass*, No. CV 18-478, 2020 WL 1676395, at *2 (E.D. Pa. Apr. 6, 2020) (finding waiver as to information forwarded to opposing counsel). Any privilege concerns can, and should, be addressed at trial rather than through a motion to quash. *See United States v. Adams*, No. 3:11-CR-54-02, 2011 WL 13115427, at *2 (N.D.W. Va. Nov. 10, 2011) ("the better practice in ordinary cases is to require the witness to appear and claim any privilege or immunity he may have") (quoting 2 Charles Alan Wright and Peter J. Henning, Federal Practice and Procedure § 274 (4th ed. 2009)).

At bottom, there is no reason to treat Attorney A (or John Doe) differently than "every citizen [who] owes to his society the duty of giving testimony to aid in the enforcement of the law." *Reilly v. City of Atl. City*, 532 F. 3d 216, 228 (3d Cir. 2008) (quoting *Piemonte v. United States*, 367 U.S. 556, 559 n. 2 (1961)) (alterations omitted). Their motions should be denied.

Respectfully submitted,

Kelly O. Hayes
United States Attorney

Dated: December 22, 2025

/s/  *Hayter L. Whitman*
Hayter L. Whitman
Trial Attorney
Department of Justice—Tax Division

Sean Beaty
Senior Litigation Counsel
Emerson Gordon-Marvin
Trial Attorney
Department of Justice—Tax Division

Adeyemi Adenrele
Assistant United States Attorney
District of Maryland