IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) ) | |
| v. | ) ) | Criminal Case No. 25-cr-00006-LKG |
| THOMAS C. GOLDSTEIN, | ) ) | Dated:  January 5, 2025 |
| Defendant. | ) ) ) | |

**ORDER**

The Defendant has filed the following motions to seal, in the above-captioned criminal matter: (1) the Defendant's motion to seal his appeal of the amended order setting certain conditions of his release and the exhibits attached thereto (ECF No. 79); (2) the Defendant's motion to seal his reply in support of his appeal of the amended order setting certain conditions of his release and the exhibits attached thereto (ECF No. 86); (3) the Defendant's motion to seal his reply in support of his emergency motion to compel production of certain Grand Jury testimony and the exhibits attached thereto (ECF No. 95); (4) the Defendant's motion to seal his motion to invalidate certain orders suspending the statute of limitations and the exhibits attached thereto (ECF No. 110); (5) the Defendant's motion to seal certain exhibits filed with his pre-trial motions (ECF No. 123); (6) the Defendant's motion to seal Exhibit A to his consolidated reply in support of his motion to invalidate certain orders suspending the statute of limitations and motion to dismiss Counts, 1, 5, 6, and 15 as barred by the statute of limitations (ECF No. 146); (7) the Defendant's motion to seal certain documents in connection with his motion to permit him to sell the Hawthorne Property in order to fund his defense (ECF No. 165); (8) the Defendant's motion to seal Exhibit A to his motion *in limine* to preclude evidence of uncharged misconduct and other character evidence (ECF No. 211); and (9) the Defendant's motion to seal certain documents in connection with his motion to dismiss the Second Superseding Indictment for prosecutorial misconduct and his response to the Government's motion *in limine* to admit purported business records and exclude withheld defense evidence (ECF No. 233).  No objections to these motions have been filed.

First, the Defendant seeks to seal his appeal of the amended order setting certain conditions of his release and the exhibits attached thereto (ECF No. 79), because they contain

sensitive personal information, including the names, phone numbers, and other contact information of specific individuals, and identifies certain financial accounts by full account number. ECF No. 79. The Court finds that these filings contain sensitive personal information, including the names, phone numbers, and other contact information of specific individuals, and financial account numbers, the release of which could harm the privacy interests of the individuals associated with that information. The Court also finds that the redacted versions filed by the Defendant are a less restrictive alternative to sealing the entire documents that will sufficiently protect this information. And so, the Court: (1) **GRANTS** the Defendant's motion to seal his appeal of the amended order setting certain conditions of his release and the exhibits attached thereto (ECF No. 79); and (2) **DIRECTS** the Clerk of the Court to keep the following documents **UNDER SEAL** (ECF Nos. 80, 80-1, 80-2, 80-3, 80-4, 80-5, 80-6, 80-7, 80-8 and 80-9).

Second, the Defendant seeks to seal his reply in support of his appeal of the amended order setting certain conditions of his release and the exhibits attached thereto, because they contain sensitive personal information, including the names and other identifying information of specific individuals, as well as certain financial accounts by full account number. ECF No. 86. The Court finds that these filings contain sensitive personal information, including the names and other identifying information of specific individuals, and financial account numbers, the release of which could harm the privacy interests of the individuals associated with that information. The Court also finds that the redacted versions filed by the Defendant are a less restrictive alternative to sealing the entire documents that will sufficiently protect this information. And so, the Court: (1) **GRANTS** the Defendant's motion to seal his reply in support of his appeal of the amended order setting certain conditions of his release and the exhibits attached thereto (ECF No. 86); and (2) **DIRECTS** the Clerk of the Court to keep the following documents **UNDER SEAL** (ECF Nos. 87 and 87-1).

Third, the Defendant seeks to seal his reply in support of his emergency motion to compel production of certain Grand Jury testimony and the exhibits attached thereto, because they contain sensitive personal information, information filed in an *ex parte* application by the Government under 18 U.S.C. § 3292, and information identifying the Grand Jury witness at issue. ECF No. 95. The Court finds that these filings contain sensitive personal information, information filed in an *ex parte* application by the Government under 18 U.S.C. § 3292, and

2

information identifying the Grand Jury witness at issue, the release of which could harm the privacy rights of the individual associated with that information and would violate other sealing orders of this Court. The Court also finds that the redacted version of the brief filed by the Defendant is a less restrictive alternative to sealing the entire document, and that that there are no less restrictive alternatives to sealing the exhibits attached thereto, that would sufficiently protect this information. And so, the Court: (1) **GRANTS** the Defendant's motion to seal his reply in support of his emergency motion to compel production of certain Grand Jury testimony and the exhibits attached thereto (ECF No. 95); and (2) **DIRECTS** the Clerk of the Court to keep the following documents **UNDER SEAL** (ECF Nos. 96, 96-1, 96-2, 96-3, 96-4, 96-5 and 96-6).

Fourth, the Defendant seeks to seal his motion to invalidate certain orders suspending the statute of limitations and the exhibits attached thereto, because they contain sensitive personal information, bank account and other financial account information, information filed in an *ex parte* application by the Government under 18 U.S.C. § 3292, and orders of this Court filed under seal. ECF No. 110. The Court finds that these filings contain sensitive personal information, bank account and other financial account information, information filed in an *ex parte* application by the Government under 18 U.S.C. § 3292, and orders of this Court filed under seal, the release of which could violate the privacy rights of the individuals associated with that information and would violate other sealing orders of this Court. The Court also finds that the redacted versions of the brief and certain exhibits filed by the Defendant is a less restrictive alternative to sealing the entire documents, and that that there are no less restrictive alternatives to sealing the remaining exhibits attached thereto, that would sufficiently protect this information. And so, the Court: (1) **GRANTS** the Defendant's motion to seal his motion to invalidate certain orders suspending the statute of limitations and the exhibits attached thereto (ECF No. 110); and (2) **DIRECTS** the Clerk of the Court to keep the following documents **UNDER SEAL** (ECF Nos. 111, 111-1, 111-2, 111-3, 111-4, 111-5, 111-6, 111-7, 111-8, 111-9, 111-10, 111-11, 111-12, 111-13, 111-14 and 111-15).

Fifth, the Defendant seeks to seal certain exhibits filed with his pre-trial motions, because they contain sensitive personal information and information identifying the witnesses. ECF No. 123. The Court finds that these filings contain sensitive personal information and information identifying the witnesses, the release of which could violate the privacy rights of the individuals and potential witnesses associated with that information. The Court also finds that the redacted

version of the exhibits filed by the Defendant are a less restrictive alternative to sealing the entire documents that will sufficiently protect this information. And so, the Court: (1) **GRANTS** the Defendant's motion to seal certain exhibits filed with his pre-trial motions (ECF No. 123); and (2) **DIRECTS** the Clerk of the Court to keep the following documents **UNDER SEAL** (ECF Nos. 124, 124-1, 124-2, 124-3, 124-4, 124-5, 124-6, 124-7, 124-8, 124-9, 124-10, 124-11, 124-12, 124-13, 124-14 and 124-15).

Sixth, the Defendant seeks to seal Exhibit A to his consolidated reply in support of his motion to invalidate certain orders suspending the statute of limitations and motion to dismiss Counts, 1, 5, 6, and 15 as barred by the statute of limitations, because it contains information identifying certain witnesses. ECF No. 146. The Court finds that this filing contains information identifying potential witnesses, the release of which could violate the privacy rights of the potential witnesses associated with that information. The Court also finds that the redacted version of Exhibit A filed by the Defendant is a less restrictive alternative to sealing the entire document that will sufficiently protect this information. And so, the Court: (1) **GRANTS** the Defendant's motion to seal Exhibit A to his consolidated reply in support of his motion to invalidate certain orders suspending the statute of limitations and motion to dismiss Counts, 1, 5, 6, and 15 as barred by the statute of limitations (ECF No. 146) and (2) **DIRECTS** the Clerk of the Court to keep the following documents **UNDER SEAL** (ECF Nos. 147 and 147-1).

Seventh, the Defendant seeks to seal certain documents in connection with his motion to permit him to sell the Hawthorne Property in order to fund his defense, because they contain sensitive personal information, including details about the Defendant's financial information. ECF No. 165. The Defendant also seeks to file a declaration from his counsel under seal and *ex parte*, because the document contains privileged communications between him and his Counsel as well as details that reveal defense strategy to the Government. *Id.* The Court finds that these filings contain sensitive personal information, including details about the Defendant's financial information, and privileged communications, the release of which could violate the privacy rights of the Defendant and reveal his defense strategy to the Government. The Court also finds that the filing of a redacted version of the Defendant's brief is a less restrictive alternative to sealing the entire document, and that there are no less restrictive alternatives to sealing the remaining exhibits attached thereto, that will sufficiently protect this information. And so, the Court: (1) **GRANTS** the Defendant's motion to seal certain documents in connection with his

4

motion to permit him to sell the Hawthorne Property in order to fund his defense (ECF No. 165); (2) **DIRECTS** the Clerk of the Court to keep the following documents **UNDER SEAL** (ECF Nos. 168); and (3) **DIRECTS** the Clerk of the Court to keep the following documents *EX PARTE* **and UNDER SEAL** (ECF No. 167).

Eighth, the Defendant seeks to seal Exhibit A to his motion in *limine* to preclude evidence of uncharged misconduct and other character evidence, because it contains sensitive personal information, including names and other information that would identify potential witnesses in this case. ECF No. 211. The Court finds that this filing contains sensitive personal information, including names and other information that would identify potential witnesses in this case, the release of which could violate the privacy rights of the potential witnesses associated with that information. The Court also finds that there are no less restrictive alternatives to sealing the exhibit that will sufficiently protect this information. And so, the Court: (1) **GRANTS** the Defendant's motion to seal Exhibit A to his motion in *limine* to preclude evidence of uncharged misconduct and other character evidence (ECF No. 211) and (2) **DIRECTS** the Clerk of the Court to keep the following documents **UNDER SEAL** (ECF No. 212).

Lastly, the Defendant seeks to seal certain documents in connection with his motion to dismiss the Second Superseding Indictment for prosecutorial misconduct and his response to the Government's motion *in limine* to admit purported business records and exclude withheld defense evidence, because they contain sensitive personal information, including sensitive information about the Defendant and certain witnesses who testified before the Grand Jury, bank records, travel records, a rental application, and other information that would identify potential witnesses in this case. ECF No. 233. The Court finds that these filings contains sensitive personal information, including sensitive information about the Defendant and certain witnesses who testified before the Grand Jury, bank records, travel records, a rental application, and other information that would identify potential witnesses in this case, the release of which could violate the privacy rights of the Defendant, the Grand Jury witnesses and the potential trial witnesses associated with that information. The Court also finds that there are no less restrictive alternatives to sealing the documents that will sufficiently protect this information. And so, the Court: (1) **GRANTS** the Defendant's motion to seal certain documents in connection with his motion to dismiss the Second Superseding Indictment for prosecutorial misconduct and his

response to the Government's motion *in limine* to admit purported business records and exclude withheld defense evidence (ECF No. 233) and (2) **DIRECTS** the Clerk of the Court to keep the following documents **UNDER SEAL** (ECF No. 234, 234-1, 234-2, 234-3, 234-4, 234-5 and 235).

      **IT IS SO ORDERED.**

                                                            s/ Lydia Kay Griggsby
                                                            LYDIA KAY GRIGGSBY
                                                            United States District Judge