UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| United States of America, | ) |
| | ) Case No. 25-CR-00006-LKG |
| | ) **REDACTED VERSION** |
| v. | ) |
| | ) |
| THOMAS C. GOLDSTEIN, | ) |
| | ) |
| Defendant. | ) |

**NON-PARTY JOHN DOE 2'S REPLY TO THE GOVERNMENT'S RESPONSE IN OPPOSITION TO MOTION TO QUASH AND TO PROCEED UNDER PSEUDONYM**

Non-party John Doe 2 ("JD2"), moved for permission to proceed under pseudonym in the above-captioned case (ECF No. 291) ("Motion to Proceed Under Pseudonym") and to quash the subpoena (ECF No. 294) ("Motion to Quash") allegedly served by the United States ("Government"). The Government responded to JD2's Motion to Quash by arguing, *inter alia*, the trial subpoena was valid and service was adequate, JD2 can provide testimony that is relevant and essential to multiple charges against defendant Thomas Goldstein ("Defendant") and JD2's compliance would not be "oppressive" (ECF No. 317) ("Response Motion"). Further, following this Court's Order on the Parties' Motions *in Limine* (ECF No. 287), a significant part of the information that the Government seeks from JD2 will be inadmissible, and any other information that the Government may seek from JD2 can be obtained from another source. Regarding JD2's Motion to Proceed Under Pseudonym, the Government made vague arguments that potential trial issues weighed against anonymity.

**I. The Court Should Quash the Trial Subpoena**

    **A.    The Trial Subpoena was not Valid as Service was Inadequate**

The Government claims that it issued JD2 a subpoena (the "Subpoena") dated September 17, 2025, commanding him to testify at a hearing or trial in this criminal case on January 13,

2026 at 9:30 AM, in Greenbelt, Maryland. The subpoena was served via email on October 16, 2025 to an attorney who claimed that he was authorized to accept service on behalf of JD2 and a group of potential witnesses. *See* **Exhibit 1.** Despite that counsel's assertion that "he was authorized to accept service on behalf of JD2", such purported authorization was not covered by the scope of representation in JD2's engagement agreement with that law firm.

A true and correct copy of the limited engagement agreement entered into between JD2 and counsel is attached hereto as **Exhibit 2.** As noted on page one of the engagement letter signed by JD2, counsel's representation only covered "communicating on your behalf with the government, responding to any requests for information or grand jury subpoenas served upon you, and any meetings or other communications with the government. This representation will not cover any other matter". Exhibit 2, Pages 1, 4.

Given that counsel was not retained to respond to any trial subpoenas, counsel was not authorized to accept such a subpoena to testify at a hearing in a criminal case. The Government is well aware that this criminal subpoena to testify at trial should have been served personally to JD2 in person. Further, the government never filled out the affidavit of service for JD2, nor did the Government ever file proof of service of this trial subpoena with the Court.

    **B.**    **Testimony Sought by JD2 is Inadmissible and Obtainable by Other Means**

On December 12, this Court issued an Order that granted in part Defendant's motion to preclude evidence that he did not timely file or pay 2022 and 2023 federal taxes. (ECF No. 287). In response to JD2's Motion to Quash, the Government states that "if Goldstein opens the door to evidence about his poker activities and failure to file returns in 2022-2024, then JD2's testimony about a handful of poker matches with Goldstein in 2022 or later clearly would be fair game." ECF 317 at 5. Assuming JD2 could provide testimony regarding alleged poker matches with

Defendant in 2022, such information would be used to show that Defendant did not file returns in 2022 or 2023, which is the precise information that the Court's Order excluded from being admitted at trial. *See* ECF No. 287 at 2. Also, JD2's potential testimony that he may have participated in poker matches in 2022 or 2023 with Defendant has no bearing on whether Defendant evaded payment of taxes before then, and the allegation that Goldstein played in "high-stakes poker" matches with JD2 does not lead to the conclusion that Defendant prioritized poker "instead of paying what he owed the government" (ECF 317 at 5).

Further, the information that the Government seeks from JD2 regarding "poker matches in 2022 that resulted in Goldstein wiring losses of $32,335 and $522,000 to JD2" (*Id.*), or about "payments that the government will need to prove at trial" (ECF 317 at 8), can be obtained from another source. Indeed, all the information that the Government seeks from JD2 should be obtained from a properly executed *subpoena duces tecum* to the bank and its proper custodian of records for such alleged wires or payments. Additionally, as discussed in the Response Motion, the government maintained that it may be willing to enter a stipulation regarding JD2's anticipated testimony, but would have to review it first. (ECF 317 at 8). As the information being sought about wiring any alleged poker winnings or losses can be procured by and through other and better channels easily, the court should exercise its discretion to quash this subpoena.

**II. Proceeding Anonymously Would Not Risk Unfairness to Either Party to this Action nor Hinder the Public's Access to these Proceedings.**

Most notably, the Government makes unsubstantiated arguments that potential issues with trial exhibits and witnesses weigh against anonymity. (ECF 317 at 9). But the Government fails to identify any concrete manner in which JD2's anonymity possibly would prejudice its ability to show Defendant's willful failure to pay taxes, as there only are two other requests to proceed under a pseudonym pending before this Court – hardly a "logistical nightmare". (*Id.*)

Further, once the information about JD2's identity becomes publicized as part of this record in the public domain, the genie cannot be stuffed back in the bottle. In other cases, courts easily balanced anonymity with discovery concerns. *Seattle Times Co. v. Rhinehart*, 467 U.S 20, 35 (1984) (a court has the discretion to prevent the release of this type of information). JD2 is a public figure and there is a risk that information in this docket could be damaging to his privacy.

## CONCLUSION

JD2 requests this Court grant his motion to permit him to proceed under a pseudonym through the discovery stages of this action. JD2 also respectfully requests that this Court grant JD2's Motion to Quash the subpoena as the testimony sought by the Government from JD2 is not admissible or relevant, is burdensome to non-party JD2, and can be obtained from another source.

Dated: January 7, 2026        Respectfully submitted,

/s/ Elizabeth Hughes
Elizabeth Hughes (Fed. Bar #22653)
Hughes Law Firm, PLLC
1825 K Street, NW, Suite 950
Washington, DC 20005
(202) 903-5472
(202 609-7005 Fax
Elizabeth@hugheslawfirm.com
*Counsel for Non-Party John Doe 2*

/s/ Donte Mills
Donte Mills (Fed. Bar # 4372116)
Mills Legal, LLC
14 Penn Plaza 20th Fl.
New York, NY 10122
8442205099
Fax: 2126352905
dmills@millslegal.com
*Counsel for Non-Party John Doe 2*

4

## CERTIFICATE OF SERVICE

I hereby certify that on January 7, 2026, a true and correct copy of the foregoing was filed electronically via the Court's CM/ECF system and served electronically upon all counsel of record.

/s/ Elizabeth Hughes
Elizabeth Hughes (Fed. Bar #22653)
Hughes Law Firm, PLLC
1825 K Street, NW, Suite 950
Washington, DC 20005
(202) 903-5472
(202 609-7005 Fax
Elizabeth@hugheslawfirm.com
*Counsel for Non-Party John Doe 2*


/s/ Donte Mills
Donte Mills (Fed. Bar # 4372116)
Mills Legal, LLC
14 Penn Plaza 20th Fl.
New York, NY 10122
8442205099
Fax: 2126352905
dmills@millslegal.com
*Counsel for Non-Party John Doe 2*

# EXHIBIT 1

**NOT SUSCEPTIBLE TO PUBLIC SUMMARY**

# EXHIBIT 2

Case 8:25-cr-00006-LKG   Document 330   Filed 01/07/26   Page 8 of 9

**NOT SUSCEPTIBLE TO PUBLIC SUMMARY**