IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CRIMINAL NO. LKG-25-6 |
| | * | |
| THOMAS C. GOLDSTEIN, | * | |
| | * | |
| Defendant | * | |
| | * | |
| ******* | | |

**UNITED STATES' MOTION FOR DETERMINATION OF APPLICABLE STATUTE OF LIMITATIONS**

The United States moves the Court for a determination of the applicable statute of limitation ("SOL") for Count One, which charges Goldstein with tax evasion for calendar year 2016. The Court should provide the jury with a fixed SOL date—as described herein, the United States suggests January 1, 2018—in conjunction with the Court's final jury instructions on Count One. Specifically, the Court should instruct the jury that, to convict Goldstein on Count One, it must find that he committed an affirmative act of evasion on or after January 1, 2018. This will ensure that the jury convicts Goldstein on Count One based only on affirmative acts of evasion committed within the SOL.

If Goldstein also intends to argue that the applicable SOL for Counts Seven, Eight, and Sixteen[1] had also run prior to his indictment, then the Court should provide the jury with the same fixed date in conjunction with the Court's instructions on those counts as well.

---

[1] The Court has not yet granted the United States' motion to dismiss with prejudice Counts Two through Six and Fifteen from the Second Superseding Indictment. Dkt. 337. Accordingly, this motion refers to each count in the Second Superseding Indictment (Dkt. 239) under their present numbering.

## BACKGROUND

On January 16, 2025, the grand jury returned its initial indictment (Dkt. 1) against Goldstein in this case, charging him with twenty-two counts of tax crimes and mortgage fraud. As discussed herein, most of the charges in the initial indictment were facially timely (*i.e.*, the charges were brought before the standard operation of the applicable SOLs). However, with respect to Counts One, Seven, Eight, and Sixteen, the United States also relied on either (i) tolling agreements executed by Goldstein or (ii) 28 U.S.C. § 3292 Tolling Orders entered by the Court (or combinations of both) to extend the applicable SOLs for those counts.

In this motion, the United States explains—and provides the support for—its calculations of the SOLs for various counts in the indictment. Accordingly, with an eye towards streamlining issues at trial, the government moves the Court to adopt the government's calculations of the applicable SOL for Counts One, Seven, Eight, and Sixteen. And, with respect to Count One, the United States submits that the Court *must* provide the jury with a specific date—January 1, 2018—on or after which they must find Goldstein committed one or more affirmative acts.

## FACTS

As explained below, Counts Nine through Fourteen, Seventeen through Nineteen, and Twenty through Twenty-Two were timely returned by the grand jury based purely on the applicable SOLs. Count Seven was timely based on a combination of the six-year SOL plus Goldstein's tolling agreement. Similarly, Counts Eight and Sixteen were timely filed against Goldstein based on a combination of (i) the six-year SOL, (ii) Goldstein's tolling agreement, and (iii) 28 U.S.C. § 3282 Tolling Orders.

**Mortgage Fraud Charges in the Indictment**

On January 16, 2025, the grand jury returned an indictment against the defendant charging him with three counts of false statements on a mortgage application:

| Count | Mortgage Entity | Application Date | Five Year SOL under 18 U.S.C. § 3282[2] |
|---|---|---|---|
| Count 20 | First Savings Mortgage Corp. | 2/24/2021 | 2/24/2026 |
| Count 21 | First Savings Mortgage Corp. | 3/1/2021 | 3/1/2026 |
| Count 22 | NFM Lending | 9/29/2021 | 9/29/2026 |

The chart above reflects the dates alleged in the indictment on which Goldstein signed the mortgage applications associated with each of these counts. Under 18 U.S.C. § 3282, false statements on a mortgage application are subject to a five-year SOL. Accordingly, the crimes charged in Counts Twenty through Twenty-Two were returned by the grand jury well within the five-year SOL.

**Tax Charges in the Indictment**

The January 16, 2025, indictment returned by the grand jury also charged Goldstein with four counts of tax evasion for tax years 2016 through 2018 and 2021 (Counts One through Four), assisting in the preparation of false tax returns for tax years 2016 through 2021 (Counts Five through Fourteen), and failure to pay taxes timely for calendar years 2016 through 2017 and 2019 through 2020 (Counts Fifteen through Nineteen). To streamline its presentation of evidence at trial, the United States moved to dismiss with prejudice Counts Two through Six and Fifteen. Dkt. 337. Accordingly, the

---

[2] As the Court ruled in its October 14, 2025, Order, the statute of limitations period "starts the day after the offense is completed." *See United States v. Goldstein*, No. 25-cr-00006-LKG, 2025 U.S. Dist. LEXIS 202874 (Dkt. 191), at *15 (D. Md. Oct. 14, 2025) (citing *United States v. Guerro*, 694 F.2d 898, 901 (2d Cir. 1982).

remaining tax crimes charged in the Second Superseding Indictment that will go to the jury are Counts Seven through Fourteen and Sixteen through Nineteen.

The chart below reflects the dates alleged in the indictment on which Goldstein's tax returns were filed with the IRS. Under 26 U.S.C. § 6531, tax crimes are subject to a six-year SOL. Accordingly, the tax crimes charged in Counts Nine through Fourteen and Sixteen through Nineteen—returned by the grand jury on January 16, 2025—were well within the applicable six-year SOL.

| **Count** | **Charge and Tax Year** | **Return Filing Date** | **Six Year SOL under 26 U.S.C. § 6531** |
|---|---|---|---|
| Count 9 | 26 U.S.C. § 7206(2) (Form 1040) for 2018 | 10/15/2019 | 10/15/2025 |
| Count 10 | 26 U.S.C. § 7206(2) (Form 1120S) for 2018 | 4/15/2019 | 4/15/2025 |
| Count 11 | 26 U.S.C. § 7206(2) (Form 1040) for 2019 | 10/15/2020 | 10/15/2026 |
| Count 12 | 26 U.S.C. § 7206(2) (Form 1120S) for 2019 | 9/15/2020 | 9/15/2026 |
| Count 13 | 26 U.S.C. § 7206(2) (Form 1040) for 2020 | 5/17/2021 | 5/17/2027 |
| Count 14 | 26 U.S.C. § 7206(2) (Form 1040) for 2021 | 10/15/2022 | 10/15/2028 |
| Count 17 | 26 U.S.C. § 7203 for 2019 | 7/15/2020 | 7/15/2026 |
| Count 18 | 26 U.S.C. § 7203 for 2020 | 5/17/2021 | 5/17/2027 |
| Count 19 | 26 U.S.C. § 7203 for 2021 | 4/18/2022 | 4/18/2028 |

**Goldstein's Tolling Agreement**

Prior to his indictment, Goldstein executed two agreements that collectively tolled the statute of limitations from September 30, 2024, through January 16, 2025. *United States v. Goldstein*, No. 25-cr-0006, 2025 U.S. Dist. LEXIS 202874 (Dkt. 191), at *12 (D.

4

Md. Oct. 14, 2025). *See also,* Dkt. 136 at 5. Therefore, with the implementation of Goldstein's tolling agreement,[3] Count Seven was also timely returned by the grand jury:

| Count | Charge and Tax Year | Return Filing Date | Six Year SOL under 26 U.S.C. § 6531 |
|---|---|---|---|
| Count 7 | 26 U.S.C. § 7206(2) (Form 1040) for 2017 | 10/15/2018 | 10/15/2024 (During Tolled Period) |

**The 28 U.S.C. § 3292 Tolling Orders**

As the Court is aware, prior to seeking an indictment in this case, the government also obtained several Orders from the Court tolling the applicable SOLs for Goldstein's tax crimes while the government sought evidence from foreign jurisdictions. Dkt. 191 at 5-6.

First, on October 31, 2023, the Honorable Judge Theodore Chuang issued a § 3292 Tolling Order, finding that the government had made a request for foreign records under a mutual legal assistance treaty ("MLAT") with Montenegro on September 25, 2023. Dkt. No. 136-3 (October 31, 2023, Tolling Order, 23-MC-553 (Chuang, J.)). Under the terms of 28 U.S.C. § 3292, Judge Chuang's Order tolled the applicable SOLs beginning on September 25, 2023 (the date the MLAT was sent to the foreign jurisdiction). The United States received a response to the September 25, 2023, MLAT on December 28, 2023. Attachment A (January 3, 2024, Transmittal Letter from OIA).[4] Accordingly, the October 31, 2023, Tolling Order tolled applicable SOLs for Goldstein's tax crimes for 95 days. *See*

---

[3] As explained below, the statute of limitation for Count 7 also was tolled separately by outstanding foreign requests for evidence and associated Tolling Orders issued by the Court. *See generally,* Dkt. 136-3, 136-6, 136-9.

[4] The prosecution team received the first Montenegrin production on January 3, 2024; however, the Department of Justice's Office of International Affairs received Montenegro's response to the September 25, 2023, MLAT on December 28, 2023. The United States is using the earlier, more conservative date for its SOL calculation.

5

https://www.timeanddate.com/date/durationresult.html?m1=9&d1=25&y1=2023&m2=12&d2=28&y2=2023&ti=on.

Second, on May 7, 2024, the Honorable Judge Paula Xinis issued a second § 3292 Tolling Order, finding that the government had made a supplemental request for foreign records under the MLAT with Montenegro on April 5, 2024. Dkt. No. 136-6 (May 7, 2024, Tolling Order, 24-MC-234 (Xinis, J.)). The United States did not receive a complete response to the April 5, 2024, MLAT before September 30, 2024, when Goldstein executed his first tolling agreement with the United States. Dkt. 136-8 (July 22, 2024, Accardi Decl.), ¶¶ 8-14. Accordingly, the May 7, 2024, Tolling Order tolled the applicable SOLs for Goldstein's tax crimes for an additional 178 days (from April 5, 2024, the date of the MLAT, through September 29, 2024, the day before Goldstein's tolling agreement).[5] *See* https://www.timeanddate.com/date/durationresult.html?m1=4&d1=5&y1=2024&m2=9&d2=29&y2=2024&ti=on.

With the additional tolling provided by Judge Xinis' May 7, 2024, Tolling Order, Counts Eight and Sixteen—which would have otherwise expired on September 15 and April 17, 2024, respectively— also were returned timely by the grand jury:

| **Count** | **Charge and Tax Year** | **Return Filing Date** | **Six Year SOL under 26 U.S.C. § 6531** |
|---|---|---|---|
| Count 8 | 26 U.S.C. § 7206(2) (Form 1120S) for 2017 | 9/15/2018 | 9/15/2024 (During Tolled Period) |
| Count 16 | 26 U.S.C. § 7203 for 2017 | 4/17/2018 | 4/17/2024 (During Tolled Period) |

---

5 In fact, as a technical matter, that May 7, 2024, Tolling Order continues to toll the limitations periods until Montenegro takes final action or § 3292 tolling totals three years. *See* 18 U.S.C. § 3292(c).

**Calculation of the SOL for Count One**

As alleged in the indictment, Goldstein filed a false Form 1040 with the IRS for calendar year 2016 on or about October 16, 2017. Count One of the indictment charges Goldstein with tax evasion for calendar year 2016, but expressly alleges affirmative acts of evasion occurring *after* Goldstein filed his false tax return for that year, including:

- Making false and misleading statements to an IRS Revenue Officer in March 2018;
- Making false and misleading statements to IRS representatives in October 2020;
- Transferring at least $960,000 in personal funds into G&R's IOLTA account in March 2021 to shield the funds from collection by the IRS; and
- Using foreign individuals and foreign bank accounts to receive income.

*See* Dkt. 239, ¶¶ 109(c)-(f).

Based on the combination of (1) the six-year SOL provided by 26 U.S.C. § 6531, (2) Goldstein's tolling agreement, and (3) the 95 days and 178 days of tolling afforded by the Court's two § 3292 Tolling Orders, only a total of 98 days ran against the SOL for Count One between September 25, 2023 (the effective date of the first § 3292 Tolling Order) and January 16, 2025 (the date of the indictment).

| **Periods** | **Days Tolled** | **Tolling Provided By** | **Days Running Against SOL** |
|---|---|---|---|
| January 16, 2025, thru September 30, 2024 | 109 Days[6] | Tolling Agreement | 0 Days |
| September 29, 2024, thru April 5, 2024 | 178 Days | § 3292 Tolling Order | 0 Days |
| April 4, 2024, thru December 29, 2023 | 0 Days | N/A | 98 Days[7] |
| December 28, 2023, thru September 25, 2023 | 95 Days | § 3292 Tolling Order | 0 Days |

---

[6] *See* https://www.timeanddate.com/date/durationresult.html?m1=9&d1=30&y1=2024&m2=1&d2=16&y2=2025&ti=on.

[7] *See* https://www.timeanddate.com/date/durationresult.html?m1=12&d1=29&y1=2023&m2=4&d2=4&y2=2024&ti=on.

7

As depicted in the chart below, the combination of the six-year SOL established by 26 U.S.C. § 6531[8] plus the additional period of tolling provided by Goldstein's Tolling Agreement and the Court's two § 3292 Tolling Orders yields a operative SOL of **January 1, 2018**, for Count One.

| **Tolling Provided By** | **Days Tolled** |
|---|---|
| Statute (26 U.S.C. § 6531) | 2,190 Days (6 x 365) |
| § 3292 Tolling Order (September 25, 2023, thru December 28, 2023) | +95 Days |
| § 3292 Tolling Order (April 5, 2024, thru September 29, 2024) | + 178 Days |
| Tolling Agreement (September 30, 2024, thru January 16, 2025) | + 109 Days |
| **Total Days:** | **2,572 Days** |



---

[8] For the purposes of this motion, the United States is calculating the SOL for Count One without the benefit of any time Goldstein spent outside the United States, which would form an additional basis to extend the SOL. *See* 26 U.S.C. § 6531.

## ARGUMENT

The government bears the burden of proving at trial "that it began its prosecution within the statute of limitations period," and for tax evasion "the limitations period […] begins to run on the date of the last affirmative act of tax evasion." *United States v. Wilson*, 118 F.3d 228, 230 (4th Cir. 1997). Where, as here, the applicable limitations period is affected by tolling agreements or § 3292 Tolling Orders; it is appropriate for the Court to calculate the applicable limitations period for a given charge so it can ensure the government has met its burden. *See id.*, at n. 2 (calculating the applicable SOL where—in addition to the six-year SOL provided by 26 U.S.C. § 6531—the defendant executed a waiver of the statute of limitations for a three-month period).

A statute of limitations defense is, ultimately, an affirmative defense for which Goldstein bears the burden of proof at trial. *United States v. Boone*, 712 F. App'x 299, 300 (4th Cir. 2018). However, Goldstein is entitled only to a jury instruction on his statute of limitations defense in connection with any count if "there exists evidence sufficient for a reasonable jury to find in his favor,'" *Mathews v. United States*, 485 U.S. 58, 63, (1988); *United States v. Cabrera-Rivas*, No. 22-4331, 2025 U.S. App. LEXIS 16051, at *29 (4th Cir. June 30, 2025); *United States v. Ravenell*, 66 F.4th 472, 483 (4th Cir. 2023); *United States v. Ricks*, 573 F.3d 198, 200 (4th Cir. 2009).

The United States submits that Counts Nine through Fourteen, Seventeen through Nineteen, and Twenty through Twenty-Two are plainly timely because the grand jury returned its indictment before the ordinary expiration of the applicable SOL for each count. Similarly, Counts Seven, Eight, and Sixteen were filed timely against Goldstein based on a combination of (i) the applicable six-year SOL, (ii) Goldstein's tolling

agreement, and (iii) 28 U.S.C. § 3282 Tolling Orders (*i.e.*, the tax returns filed in connection with each of those counts were filed *after* January 1, 2018).

However, with respect to Count One, Goldstein is entitled to an instruction that the jury must find that Goldstein committed an affirmative act of evasion within the limitations period to find him guilty on that charge. *United States v. Head*, 641 F.2d 174, 177 (4th Cir. 1981). That is, with respect to Count One, the jury can convict Goldstein only if it finds that he committed an affirmative act of evasion *on or after* January 1, 2018. *See* calculation *infra*.

Accordingly, the United States respectfully requests that the Court include language regarding the January 1, 2018, SOL in the Court's instructions to the jury for Count One. The government submits that with an appropriate jury instruction, the Court can establish a clear record for any resulting appeal that the jury found Goldstein committed an affirmative act within the applicable limitations period.

    Respectfully submitted,

    KELLY O. HAYES
    United States Attorney

    /s/ Sean Beaty
    Sean Beaty
    Senior Litigation Counsel
    Department of Justice, Criminal Division
    Emerson Gordon-Marvin
    Hayter Whitman
    Trial Attorneys
    Department of Justice, Criminal Division

    Adeyemi Adenrele
    Assistant United States Attorney
    District of Maryland