**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | |
| **v.** | * | **CRIMINAL NO. LKG-25-6** |
| | * | |
| **THOMAS C. GOLDSTEIN,** | * | |
| | * | |
| **Defendant.** | * | |
| | ******** | |

## DEFENDANT THOMAS C. GOLDSTEIN'S REQUEST FOR A SPECIAL VERDICT FORM

The defense hereby renews its request for a special verdict form. *See* ECF No. 315.

"[W]hether to use a special verdict form" in a criminal case "is a matter of the district court's discretion." *United States v. Udeozor*, 515 F.3d 260, 271 (4th Cir. 2008) (citation and internal quotation marks omitted). A special verdict is particularly appropriate in this case for several reasons.

*First*, a special verdict form will ensure that the jury unanimously agrees on the specific affirmative act(s) supporting any conviction under Count 1 (tax evasion), and the specific act(s) of assistance and material falsity (or falsities) supporting any conviction under Counts 2-9 (false returns). The caselaw is clear: the jury must reach unanimity on these questions. *See, e.g.*, *United States v. Sarihifard*, 155 F.3d 301, 310 (4th Cir. 1998) ("[W]hen an indictment charges multiple instances of conduct listed in the conjunctive, a jury verdict of guilty will stand if the jurors unanimously agree as to only one of the instances of conduct alleged in the indictment."); *United States v. Adams*, 335 F. App'x 338, 348 (4th Cir. 2009) (unpub.) (the "jury must 'unanimously agree upon at least one' statement the Government alleged was 'false, fictitious, or

1

fraudulent when made or used by' [the defendant]"); *see also United States v. Corona*, 359 F. App'x 848, 853 (9th Cir. 2009) (unanimity required as to specific affirmative act of tax evasion); *United States v. Duncan*, 850 F.2d 1104, 1111-13 (6th Cir. 1988) (unanimity required as to specific false statement under 26 U.S.C. § 7206(2) and 18 U.S.C. § 1014).  Until recently, the government agreed.  *See* ECF No. 312, at 65 ("the government agrees to the unanimity instruction proposed by the defense"); *id.* at 71 (jointly proposed Instruction No. 46); *id.* at 115 (government's proposed Instruction No. 73) ("The second part of this element that the government must prove is that a false statement was made relating to the application, with all you agreeing, unanimously, that at least one specific statement on a given count is false."); *cf. id.* at 84 (arguing that a special unanimity instruction was not necessary as to Counts 2-9 because "a general instruction on unanimity is sufficient to insure that such a unanimous verdict is reached, except in cases where the complexity of the evidence or other factors create a genuine danger of confusion").

This is an incredibly complex case, and the risk of juror confusion is extremely high.  A special verdict form will protect Mr. Goldstein's constitutional right to a unanimous verdict. *See, e.g.*, *United States v. Applins*, 637 F.3d 59, 82 (2d Cir. 2011) ("We have recognized a 'preference for special interrogatories in particularly complex criminal cases.'" (citation omitted)); *United States v. VanderZwaag*, 467 F. App'x 402, 408 (6th Cir. 2012) ("[T]here is no requirement that the jury receive a special verdict form unless the charge is complex or there is a fear of jury confusion.").  Multiple federal district courts have used special verdict forms in tax evasion cases far less complicated than this one to ensure that the jury unanimously finds at least one specific affirmative act.  *See, e.g.*, *Davis v. United States*, No. 3:02-CR-251-RLV-DCK, 2013 WL 5375628, at *8 (W.D.N.C. Sept. 25, 2013); *United States v. Pflum*, No. 14-40062-01-

2

DDC, 2017 WL 1908592, at *4 (D. Kan. May 10, 2017); *United States v. Shorter*, 809 F.2d 54, 56 (D.C. Cir. 1987).

 *Second*, a special verdict form is necessary to safeguard against the risk that the jury may convict Mr. Goldstein on the basis of uncharged conduct, in violation of his Fifth Amendment right. *See United States v. Floresca*, 38 F.3d 706, 711 (4th Cir. 1994), *overruled on other grounds by United States v. Banks*, 29 F.4th 168 (4th Cir. 2022) (quoting *Stirone v. United States*, 361 U.S. 212, 217 (1960)) ("[A] court cannot permit a defendant to be tried on charges that are not made in the indictment against him."). On multiple occasions during trial, the government presented evidence of uncharged affirmative acts of tax evasion and uncharged acts assisting the preparation of false returns. *See* ECF No. 366, at 3-4 (government presented evidence of allegedly false Form 433 on the theory that "it's part of the evasion of payment" (quoting 1/21/26 Tr. 278:19-279:2)); ECF No. 399, at 1-8 (government presented evidence that Mr. Goldstein allegedly failed to disclose income derived from cryptocurrency transactions and failed to amend his tax returns in 2023). The parties now agree that the government may not seek to convict Mr. Goldstein on the basis of uncharged acts. *See* ECF No. 403, at 1 ("The government will not ask the jury—through jury instructions or otherwise—to convict Goldstein on counts 2 through 9 based on *uncharged acts* ...."). But the jury was not privy to those discussions. Therefore, a special verdict form will ensure that the jury does not convict Mr. Goldstein upon the basis of alleged misconduct not charged in the indictment.

 *Third*, a special verdict form would substantially clarify the record for purposes of a renewed motion for judgment of acquittal in the event the jury returns a guilty verdict. As the Court is aware, the defense has argued that the evidence is insufficient to sustain a conviction as to several discrete affirmative acts of tax evasion and several discrete acts of assisting in the

preparation of false tax returns.  *See* ECF No. 408, at 9-31.  The defense anticipates renewing

those arguments under Rule 29 at the appropriate time after a guilty verdict, if any.  But if the

jury returns only a general verdict, it will be impossible to know whether its verdict rests on a

basis that the defense has challenged as legally insufficient to sustain a conviction.  *See* 2/11/26

Tr. 8:25-9:19.  A special verdict form is essential to avoiding such uncertainty.  *See, e.g.*, *United

States v. Livingston*, 571 F. App'x 263, 264 (4th Cir. 2014) (district court used special verdict

form to clarify basis of conviction when one possible basis was challenged as legally

insufficient); *United States v. Libutti*, No. CRIM. A. 92-611(JBS), 1994 WL 774644, at *10-11

& n.9 (D.N.J. Sept. 6, 1994), *aff'd,* 72 F.3d 124 (3d Cir. 1995) (concerns over legal sufficiency

of one of several alleged affirmative acts "could best have been alleviated through the use of the

special jury verdict form").

## CONCLUSION

The Court should require the jury to render a special verdict in this case.  The defense

requests the Court use the proposed special verdict form appended below.


Dated: February 16, 2026                          Respectfully submitted,

                                                  /s/ *Jonathan I. Kravis*
                                                  Jonathan I. Kravis (Bar No. 31556)
                                                  Stephany Reaves (Bar No. 19658)
                                                  Sarah E. Weiner (*pro hac vice*)
                                                  MUNGER, TOLLES & OLSON LLP
                                                  601 Massachusetts Avenue NW, Suite 500E
                                                  Washington, DC 20001
                                                  (202) 220-1100
                                                  Jonathan.Kravis@mto.com
                                                  Stephany.Reaves@mto.com
                                                  Sarah.Weiner@mto.com

                                                  Adeel Mohammadi (*pro hac vice*)
                                                  MUNGER, TOLLES & OLSON LLP
                                                  350 S. Grand Avenue, 50th Floor

Los Angeles, CA 90071
(213) 683-9100
Adeel.Mohammadi@mto.com

*Attorneys for Defendant Thomas Goldstein*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | * | |
| | * | |
| **Plaintiff,** | * | **CRIMINAL NO. LKG-25-6** |
| **v.** | * | |
| | * | |
| **THOMAS C. GOLDSTEIN,** | * | |
| | * | |
| **Defendant.** | * | |
| | ******* | |

## SPECIAL VERDICT FORM[1]

(1)    How do you find the defendant, THOMAS C. GOLDSTEIN, as to the charge in Count One of the Indictment of willful tax evasion for tax year 2016?

_____ Guilty            _____ Not Guilty

Only if you find the defendant guilty, answer the following questions:

(a)    Do you unanimously find that Mr. Goldstein used funds and assets of G&R to pay personal gambling debts in order to willfully evade taxes for tax year 2016?

_____ Yes            _____ No

(b)    Do you unanimously find that Mr. Goldstein provided false and incomplete information to his accounting firm in order to willfully evade taxes for tax year 2016?

_____ Yes            _____ No

(c)    Do you unanimously find that Mr. Goldstein made false and misleading statements to an IRS Revenue Officer in March 2018—namely, by falsely telling the IRS Revenue Officer that his outstanding tax liability for 2016 was attributable to his receipt of a significant legal fee—in order to willfully evade taxes for tax year 2016?

---

[1] For the Court's convenience, *except* for employees-related allegations, the defense has listed on this proposed special verdict form every charged affirmative act of tax evasion and every charged act of aiding or assisting the preparation of a false return, including allegations as to which the defense has argued that there is insufficient evidence to sustain a conviction. To the extent the Court concludes that the jury should not be permitted to convict on any of these bases, the defense requests that such allegation be removed from the special verdict form.

_____ Yes              _____ No

(d) Do you unanimously find that Mr. Goldstein made false and misleading statements to IRS representatives in October 2020—namely, by falsely indicating that the income on his 2016 Form 1040 was accurate, including regarding his winnings from Gores; falsely telling the IRS representatives that he did not have investors in other poker games besides those in 2016 against Gores; and falsely stating that the funds he brought back from Hong Kong and the funds he received from Phua in September 2018 through his Montenegrin bank accounts represented loans—in order to willfully evade taxes for tax year 2016?

_____ Yes              _____ No

(e) Do you unanimously find that Mr. Goldstein transferred at least $960,000 in personal funds into G&R's IOLTA account in March 2021 to shield the funds from collection by the IRS in order to willfully evade taxes for tax year 2016?

_____ Yes              _____ No

(f) Do you unanimously find that Mr. Goldstein used foreign individuals and foreign bank accounts to receive income in order to willfully evade taxes for tax year 2016?

_____ Yes              _____ No

(g) Do you unanimously find that Mr. Goldstein caused the preparation, signing, and filing with the IRS of a false and fraudulent Form 1120S for G&R in order to willfully evade taxes for tax year 2016?

_____ Yes              _____ No

(h) Do you unanimously find that Mr. Goldstein caused the preparation, signing, and filing with the IRS of a false and fraudulent Form 1040 for himself and his wife in order to willfully evade taxes for tax year 2016?

_____ Yes              _____ No

(2) How do you find the defendant, THOMAS C. GOLDSTEIN, as to the charge in Count Two of the Indictment of willfully aiding and assisting in the preparation of a false tax return, IRS Form 1040, for tax year 2017?

_____ Guilty              _____ Not Guilty

2

Only if you find the defendant guilty, answer the following questions:

(a) Do you unanimously find that by failing to separately report gambling winnings and gambling losses, Mr. Goldstein willfully advised or assisted in the preparation of a tax return that was materially false?

_____ Yes                    _____ No

(b) Do you unanimously find that by omitting $215,971 in pension-related income, Mr. Goldstein willfully advised or assisted in the preparation of a tax return that was materially false?

_____ Yes                    _____ No

(c) Do you unanimously find that by omitting $263 in interest income, Mr. Goldstein willfully advised or assisted in the preparation of a tax return that was materially false?

_____ Yes                    _____ No

(d) Do you unanimously find that Line 17: S Corp Income from Schedule E of $3,214,887 was materially false?

_____ Yes                    _____ No

(e) Do you unanimously find that Line 21: Other Income of $0 was materially false?

_____ Yes                    _____ No

(f) Do you unanimously find that Line 22: Total Income of $3,374,846 was materially false?

_____ Yes                    _____ No

(g) Do you unanimously find that Line 78: Amount Owed of $1,037,595 was materially false?

_____ Yes                    _____ No

(3) How do you find the defendant, THOMAS C. GOLDSTEIN, as to the charge in Count Three of the Indictment of willfully aiding and assisting in the preparation of a false tax return, IRS Form 1120-S, for tax year 2017?

_____ Guilty                    _____ Not Guilty

3

Only if you find the defendant guilty, answer the following questions:

(a) Do you unanimously find that by requesting Robbins Geller to make a $250,000 legal fee payment to his personal account, Mr. Goldstein willfully advised or assisted in the preparation of a tax return that was materially false?

_____ Yes                    _____ No

(b) Do you unanimously find that by using $175,000 of G&R funds to pay a personal debt to Napoli Shkolnik, Mr. Goldstein willfully advised or assisted in the preparation of a tax return that was materially false?

_____ Yes                    _____ No

(c) Do you unanimously find that Line 1a: Gross Receipts and Sales of $7,258,225 was materially false?

_____ Yes                    _____ No

(d) Do you unanimously find that Line 19: Other Deductions of $1,491,487 was materially false?

_____ Yes                    _____ No

(e) Do you unanimously find that Line 20: Total Deductions of $3,948,019 was materially false?

_____ Yes                    _____ No

(4)    How do you find the defendant, THOMAS C. GOLDSTEIN, as to the charge in Count Four of the Indictment of willfully aiding and assisting in the preparation of a false tax return, IRS Form 1040, for tax year 2018?

_____ Guilty                    _____ Not Guilty

Only if you find the defendant guilty, answer the following questions:

(a) Do you unanimously find that Mr. Goldstein willfully advised or assisted in the preparation of a tax return that was materially false by omitting $968,000 in cash income?

_____ Yes                    _____ No

(b) Do you unanimously find that by omitting interest income, Mr. Goldstein willfully advised or assisted in the preparation of a tax return that was

4

materially false?

_____ Yes                _____ No

(c) Do you unanimously find that Schedule 1, Line 17: S Corp Income from Schedule E of $336,763 was materially false?

_____ Yes                _____ No

(d) Do you unanimously find that Schedule 1, Line 21: Other Income of $0 was materially false?

_____ Yes                _____ No

(e) Do you unanimously find that Line 6: Total Income of $527,879 was materially false?

_____ Yes                _____ No

(f) Do you unanimously find that Line 22: Amount Owed of $25,109 was materially false?

_____ Yes                _____ No

(5)    How do you find the defendant, THOMAS C. GOLDSTEIN, as to the charge in Count Five of the Indictment of willfully aiding and assisting in the preparation of a false tax return, IRS Form 1120-S, for tax year 2018?

_____ Guilty                _____ Not Guilty

Only if you find the defendant guilty, answer the following questions:

(a) Do you unanimously find that Mr. Goldstein willfully advised or assisted in the preparation of a tax return that was materially false by using a $125,000 legal fee due from Napoli Shkolnik to satisfy a personal debt of $125,000?

_____ Yes                _____ No

(b) Do you unanimously find that Mr. Goldstein willfully advised or assisted in the preparation of a tax return that was materially false by omitting $1,000,000 in alleged income transferred into Mr. Goldstein's Montenegrin bank account?

_____ Yes                _____ No

(c) Do you unanimously find that Mr. Goldstein willfully advised or assisted in

the preparation of a tax return that was materially false by omitting $968,000 in cash income?

\_\_\_\_ Yes                \_\_\_\_ No

(d) Do you unanimously find that Line 1a: Gross Receipts and Sales of $7,354,028 was materially false?

\_\_\_\_ Yes                \_\_\_\_ No

(e) Do you unanimously find that Line 19: Other Deductions of $3,231,942 was materially false?

\_\_\_\_ Yes                \_\_\_\_ No

(f) Do you unanimously find that Line 20: Total Deductions of $6,839,880 was materially false?

\_\_\_\_ Yes                \_\_\_\_ No

(6)   How do you find the defendant, THOMAS C. GOLDSTEIN, as to the charge in Count Six of the Indictment of willfully aiding and assisting in the preparation of a false tax return, IRS Form 1040, for tax year 2019?

\_\_\_\_ Guilty                \_\_\_\_ Not Guilty

Only if you find the defendant guilty, answer the following questions:

(a) Do you unanimously find that by failing to separately report gambling winnings and gambling losses, Mr. Goldstein willfully advised or assisted in the preparation of a tax return that was materially false?

\_\_\_\_ Yes                \_\_\_\_ No

(b) Do you unanimously find that Schedule 1, Line 5: S Corp Income from Schedule E of $1,973,681 was materially false?

\_\_\_\_ Yes                \_\_\_\_ No

(c) Do you unanimously find that Schedule 1, Line 8: Other Income of $12,400 was materially false?

\_\_\_\_ Yes                \_\_\_\_ No

(d) Do you unanimously find that Line 7a: Other Income from Schedule 1 of $2,011,519 was materially false?

6

_____ Yes                _____ No

(e) Do you unanimously find that Line 23: Amount Owed of $681,515 was materially false?

_____ Yes                _____ No

(7) How do you find the defendant, THOMAS C. GOLDSTEIN, as to the charge in Count Seven of the Indictment of willfully aiding and assisting in the preparation of a false tax return, IRS Form 1120-S, for tax year 2019?

_____ Guilty                _____ Not Guilty

Only if you find the defendant guilty, answer the following questions:

(a) Do you unanimously find that by using $170,000 G&R funds to pay a personal debt to Chuck Pacheco, Mr. Goldstein willfully advised or assisted in the preparation of a tax return that was materially false?

_____ Yes                _____ No

(b) Do you unanimously find that by omitting $235,000 in legal fee income, Mr. Goldstein willfully advised or assisted in the preparation of a tax return that was materially false?

_____ Yes                _____ No

(c) Do you unanimously find that Line 1a Gross Receipts and Sales of $6,828,938 was materially false?

_____ Yes                _____ No

(d) Do you unanimously find that Line 19 Other Deductions of $928,755 was materially false?

_____ Yes                _____ No

(e) Do you unanimously find that Line 20: Total Deductions of $4,845,868 was materially false?

_____ Yes                _____ No

(8) How do you find the defendant, THOMAS C. GOLDSTEIN, as to the charge in Count Eight of the Indictment of willfully aiding and assisting in the preparation of a false tax return, IRS Form 1040, for tax year 2020?

7

_____ Guilty             _____ Not Guilty

Only if you find the defendant guilty, answer the following questions:

(a) Do you unanimously find that by failing to separately report gambling winnings and gambling losses, Mr. Goldstein willfully advised or assisted in the preparation of a tax return that was materially false?

_____ Yes             _____ No

(b) Do you unanimously find that by failing to answer "yes" to the question "whether, at any time during 2020, Mr. Goldstein had received, sold, sent, exchanged, or otherwise acquired any financial interest in any virtual currency," Mr. Goldstein willfully advised or assisted in the preparation of a tax return that was materially false?

_____ Yes             _____ No

(c) Do you unanimously find that "Answer 'No' to question whether, at any time during 2020, the Mr. Goldstein had received, sold, sent, exchanged, or otherwise acquired any financial interest in any virtual currency" was materially false?

_____ Yes             _____ No

(d) Do you unanimously find that Schedule 1, Line 5: S Corp Income from Schedule E of $2,818,297 was materially false?

_____ Yes             _____ No

(e) Do you unanimously find that Schedule 1, Line 8: Other Income of $0 was materially false?

_____ Yes             _____ No

(f) Do you unanimously find that Line 9: Total Income of $2,976,261 was materially false?

_____ Yes             _____ No

(9) How do you find the defendant, THOMAS C. GOLDSTEIN, as to the charge in Count Nine of the Indictment of willfully aiding and assisting in the preparation of a false tax return, IRS Form 1040, for tax year 2021?

_____ Guilty             _____ Not Guilty

8

Only if you find the defendant guilty, answer the following questions:

(a) Do you unanimously find that by directing Tobey Maguire to send to Bob Safai a $500,000 legal fee payment, Mr. Goldstein willfully advised or assisted in the preparation of a tax return that was materially false?

_____ Yes          _____ No

(b) Do you unanimously find that by failing to answer "yes" to the question "whether, at any time during 2021, Mr. Goldstein had received, sold, sent, exchanged, or otherwise disposed of any financial interest in any virtual currency," Mr. Goldstein willfully advised or assisted in the preparation of a tax return that was materially false?

_____ Yes          _____ No

(c) Do you unanimously find that by failing to separately report gambling winnings and gambling losses, Mr. Goldstein willfully advised or assisted in the preparation of a tax return that was materially false?

_____ Yes          _____ No

(d) Do you unanimously find that "Answer 'No' to question whether, at any time during 2021, the defendant had received, sold, sent, exchanged, or otherwise disposed of any financial interest in any virtual currency" was materially false?

_____ Yes          _____ No

(e) Do you unanimously find that Schedule 1, Line 5: S Corp Income from Schedule E of $3,517,770 was materially false?

_____ Yes          _____ No

(d) Do you unanimously find that Schedule 1, Line 8b: Gambling Income of $0 was materially false?

_____ Yes          _____ No

(e) Do you unanimously find that Line 9: Total Income of $3,675,863 was materially false?

_____ Yes          _____ No

(f) Do you unanimously find that Line 37: Amount Owed of $1,139,488 was

materially false?

_____ Yes                    _____ No

(10)  How do you find the defendant, THOMAS C. GOLDSTEIN, as to the charge in Count Ten of the Indictment of willful failure to pay taxes for tax year 2017?

_____ Guilty                    _____ Not Guilty

(11)  How do you find the defendant, THOMAS C. GOLDSTEIN, as to the charge in Count Eleven of the Indictment of willful failure to pay taxes for tax year 2019?

_____ Guilty                    _____ Not Guilty

(12)  How do you find the defendant, THOMAS C. GOLDSTEIN, as to the charge in Count Twelve of the Indictment of willful failure to pay taxes for tax year 2020?

_____ Guilty                    _____ Not Guilty

(13)  How do you find the defendant, THOMAS C. GOLDSTEIN, as to the charge in Count Thirteen of the Indictment of willful failure to pay taxes for tax year 2021?

_____ Guilty                    _____ Not Guilty

(14)  How do you find the defendant, THOMAS C. GOLDSTEIN, as to the charge in Count Fourteen of the Indictment of making a false statement to a mortgage lending business, First Savings Mortgage Corporation, on or about February 24, 2021?

_____ Guilty                    _____ Not Guilty

Only if you find the defendant guilty, answer the following questions:

(a)  Do you unanimously find that the following statement was false and that Mr. Goldstein knowingly made or caused that statement to be made to a mortgage lending business for the purpose of influencing in any way the mortgage lending business's action:  representation that the information provided in the application was "true, accurate, and complete as of the date of this application"?

_____ Yes                    _____ No

(b)  Do you unanimously find that the following statement was false and that Mr. Goldstein knowingly made or caused that statement to be made to a mortgage lending business for the purpose of influencing in any way the mortgage lending business's action:  answer of "No" in response to the question whether Mr. Goldstein was "currently delinquent or in default on

10

a federal debt"?

____ Yes                    ____ No

(15)  How do you find the defendant, THOMAS C. GOLDSTEIN, as to the charge in
      Count Fifteen of the Indictment of making a false statement to a mortgage lending
      business, First Savings Mortgage Corporation, on or about March 1, 2021?

      ____ Guilty                    ____ Not Guilty

      Only if you find the defendant guilty, answer the following questions:

      (a)  Do you unanimously find that the following statement was false and that
           Mr. Goldstein knowingly made or caused that statement to be made to a
           mortgage lending business for the purpose of influencing in any way the
           mortgage lending business's action:  representation that the information
           provided in the application was "true, accurate, and complete as of the date
           of this application"?

           ____ Yes                    ____ No

      (b)  Do you unanimously find that the following statement was false and that
           Mr. Goldstein knowingly made or caused that statement to be made to a
           mortgage lending business for the purpose of influencing in any way the
           mortgage lending business's action:  answer of "No" in response to the
           question whether Mr. Goldstein was "currently delinquent or in default on
           a federal debt"?

           ____ Yes                    ____ No

(16)  How do you find the defendant, THOMAS C. GOLDSTEIN, as to the charge in
      Count Sixteen of the Indictment of making a false statement to a mortgage lending
      business, NFM Lending, on or about September 29, 2021?

      ____ Guilty                    ____ Not Guilty

      Only if you find the defendant guilty, answer the following questions:

      (a)  Do you unanimously find that the following statement was false and that
           Mr. Goldstein knowingly made or caused that statement to be made to a
           mortgage lending business for the purpose of influencing in any way the
           mortgage lending business's action:  representation that the information
           provided in the application was "true, accurate, and complete as of the date
           [Mr. Goldstein] signed this application"?

           ____ Yes                    ____ No

11

(b) Do you unanimously find that the following statement was false and that Mr. Goldstein knowingly made or caused that statement to be made to a mortgage lending business for the purpose of influencing in any way the mortgage lending business's action:  answer of "No" in response to the question whether Mr. Goldstein was "a co-signer or guarantor on any debt or loan that is not disclosed in this application"?

_____ Yes            _____ No

THE FOREGOING CONSTITUTES THE UNANIMOUS VERDICT OF THE JURY.

_____                    _____
Date                                                     Foreperson