IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | CRIMINAL NO. LKG-25-6 |
| | * | |
| THOMAS C. GOLDSTEIN, | * | |
| | * | |
| Defendant. | * | |
| | ******* | |

# DEFENDANT THOMAS C. GOLDSTEIN'S REQUEST FOR DEFENSE THEORY OF THE CASE INSTRUCTION

Defendant Thomas C. Goldstein hereby submits a proposed jury instruction regarding the defense theory of the case:

The government has the burden to prove each element of each offense beyond a reasonable doubt. Mr. Goldstein contends that the government has not met that burden for any count of the indictment. His principal reasons are as follows:

Count 1 alleges that Mr. Goldstein engaged in tax evasion for his 2016 taxes. Mr. Goldstein contends that he overpaid his taxes that year, so there was no "substantial tax deficiency." Mr. Goldstein also contends that he did not willfully commit an act of tax evasion after January 1, 2018, so the charge was brought too late under the statute of limitations. Mr. Goldstein also contends that he did not willfully commit any other act of tax evasion, including by understating his poker winnings, withholding information from the GRF accounting firm, making a false statement to Revenue Officer Parrish, receiving money overseas, or transferring money to an IOLTA account.

1

Counts 2 through 9 allege that Mr. Goldstein assisted GRF in preparing false tax returns. With respect to each of those counts, Mr. Goldstein contends that he reasonably relied on GRF.

Certain types of allegations are repeated regarding different years in Counts 1 to 9. Mr. Goldstein contends that in 2016, 2019, and 2021 he did not mischaracterize personal payments as law firm expenses to avoid paying taxes, and did not know that those payments had been mischaracterized. Mr. Goldstein contends that in 2017, 2018, and 2021 he did not willfully redirect income from the law firm's bank accounts to avoid paying taxes because he believed the other party was required to submit an IRS Form 1099 to the IRS and the law firm, and did not know that the redirected income had not been reported. He also contends that he did not know that he was required to (1) separately list gambling winnings and losses in years in which he lost overall, or (2) check a box acknowledging that he owned cryptocurrency in 2020 or 2021.

Mr. Goldstein contends that he properly characterized two payments from Mr. Phua in 2018 as loans.

Mr. Goldstein contends that he did not withhold information regarding a retirement account withdrawal and bank interest from GRF, and he was not aware at the time the tax returns were filed that those amounts were not included in his taxable income.

Counts 10 through 13 allege that Mr. Goldstein willfully failed to pay his taxes in 2017, 2019, 2020, and 2021. Mr. Goldstein contends that he believed he had the lawful option to either pay the taxes in full on the due date or pay late with penalties and interest.

Counts 14 through 16 allege that Mr. Goldstein fraudulently left debts off of the applications to First Savings Mortgage Corporation and the application to NFM Lending. He contends that venue is improper because he did not make false statements in the District of

Maryland. He also contends that he did not knowingly make the false statements for the purpose of influencing the mortgage lending business.

Dated: February 17, 2026

Respectfully submitted,

/s/ *Jonathan I. Kravis*
Jonathan I. Kravis (Bar No. 31556)
Stephany Reaves (Bar No. 19658)
Sarah E. Weiner (*pro hac vice*)
MUNGER, TOLLES & OLSON LLP
601 Massachusetts Avenue NW, Suite 500E
Washington, DC 20001
(202) 220-1100
Jonathan.Kravis@mto.com
Stephany.Reaves@mto.com
Sarah.Weiner@mto.com

Adeel Mohammadi (*pro hac vice*)
MUNGER, TOLLES & OLSON LLP
350 S. Grand Avenue, 50th Floor
Los Angeles, CA 90071
(213) 683-9100
Adeel.Mohammadi@mto.com

*Attorneys for Defendant Thomas Goldstein*