IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| v. | * | **CRIMINAL NO. LKG-25-06** |
| | * | |
| **THOMAS C. GOLDSTEIN,** | * | |
| | * | |
| Defendant | * | |
| | * | |

**JOINT PROPOSED FORFEITURE JURY INSTRUCTIONS
AND SPECIAL VERDICT FORM**

The United States is seeking forfeiture of the real property located at 4323 Hawthorne Street NW, Washington, DC 20016 (the "Hawthorne Property") because it is proceeds, or is derived of proceeds, from Mr. Goldstein's commission of the offense described in count 16.

If the jury convicts Mr. Goldstein on count 16, the parties request that the jury be retained, pursuant to Federal Rule of Criminal Procedure 32.2(b)(5), to "determine whether the government has established the requisite nexus between the property and the offense committed by the defendant."

The parties hereby jointly submit proposed jury instructions and special verdict form for the forfeiture phase of the trial.  **The parties have agreed to all of the proposals in this filing**, and will be prepared to address questions about the proposals at the Court's convenience.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | KELLY O. HAYES<br>United States Attorney |
| Dated: February 16, 2026 | */s/ Hayter L. Whitman*<br>Hayter L. Whitman<br>Trial Attorney<br>Department of Justice, Criminal Division |
|  | Sean Beaty<br>Senior Litigation Counsel<br>Emerson Gordon-Marvin<br>Trial Attorney<br>Department of Justice, Criminal Division |
|  | Adeyemi Adenrele<br>Assistant United States Attorney<br>District of Maryland |
|  | *Attorneys for the United States of America* |
|  | /s/ *Jonathan I. Kravis*<br>Jonathan I. Kravis (Bar No. 31556)<br>Stephany Reaves (Bar No. 19658)<br>Sarah E. Weiner (*pro hac vice*)<br>MUNGER, TOLLES & OLSON LLP<br>601 Massachusetts Avenue NW, Suite 500E<br>Washington, DC 20001<br>(202) 220-1100<br>Jonathan.Kravis@mto.com<br>Stephany.Reaves@mto.com<br>Sarah.Weiner@mto.com |
|  | Adeel Mohammadi (*pro hac vice*)<br>MUNGER, TOLLES & OLSON LLP<br>350 S. Grand Avenue, 50th Floor<br>Los Angeles, CA 90071<br>(213) 683-9100<br>Adeel.Mohammadi@mto.com |
|  | *Attorneys for Defendant Thomas Goldstein* |

## **PROPOSED FORFEITURE INSTRUCTION NO. 1**
(Jury's Duty Regarding Forfeiture)

Ladies and gentlemen of the jury, in view of your verdict that Mr. Goldstein is guilty of count 16 of the indictment, you have one more task to perform before you are discharged.

What you must now decide is whether there is the required nexus between the real property located at 4323 Hawthorne Street NW, Washington, DC 20016 (the "Hawthorne Property") and Mr. Goldstein's commission of the offense described in count 16.

Sources:

Fed. R. Crim. P. 32.2(b)(1)(A) ("As soon as practical after a verdict or finding of guilty . . . on any count in an indictment . . . regarding which criminal forfeiture is sought, the court must determine what property is subject to forfeiture under the applicable statute."), (b)(5)(B) (the special verdict form for forfeiture should "ask[] the jury to determine whether the government has established the requisite nexus between the property and the offense committed by the defendant"); *see* Seventh Circuit Pattern Jury Instructions (Criminal Cases) (2018) (Introductory Forfeiture Instruction); Eighth Circuit Pattern Criminal Jury Instructions, No. 6.21.853 (Criminal Forfeiture of Property)

**PROPOSED FORFEITURE INSTRUCTION NO. 2**
(Government's Burden of Proof Regarding Forfeiture)

The government has the burden of proving the requisite nexus between the Hawthorne Property and Mr. Goldstein's commission of the offense described in count 16. Mr. Goldstein does not have the burden of proof, and is not required to produce any evidence.

The government must prove the requisite nexus by a preponderance of the evidence, that is, more likely than not.

Your job is to determine whether it is more likely than not that the Hawthorne Property is proceeds, or is derived from proceeds, that Mr. Goldstein obtained directly or indirectly as the result of the commission of the offense described in count 16, for which you have found Mr. Goldstein guilty. Proceeds are property that Mr. Goldstein would not have but for committing the offense described in count 16.

If you find that the government proved this requisite nexus by a preponderance of the evidence, then you should check "YES" on the special verdict form. If you find that the government did not prove this requisite nexus by a preponderance of the evidence, then you should check "NO" on the special verdict form.

Sources:

*Libretti v. United States*, 516 U.S. 29, 36-51 (1995); *United States v. Martin*, 662 F. 3d 301, 306-07 (4th Cir 2011); *United States v. Herder*, 594 F. 3d 352, 363-65 (4th Cir 2010); *United States v. Cherry*, 330 F.3d 658, 669-70 (4th Cir. 2003); *United States v. Najjar*, 300 F.3d 466, 485-86 (4th Cir. 2002); *United States v. Jones,* 622 F. App'x 204, 207 (4th Cir. 2015); *United States v. Bangiyev*, 141 F. Supp. 3d 589, 594-95 (E.D. Va. 2015); Fed. R. Crim. P. 32.2(b)(1)(A); see Seventh Circuit Pattern Jury Instructions (Criminal Cases), p.414 (2018) (18 U.S.C. § 982(a)(2) Forfeiture Instruction); *id.* at p.1013 (Forfeiture Burden of Proof Instruction)

18 U.S.C. § 982(a)(2)(A)

*United States v. Farkas*, 474 Fed. Appx. 349, 360 (4th Cir. 2012) (applying "but for" test of proceeds in criminal forfeiture)

## **PROPOSED FORFEITURE INSTRUCTION NO. 3**
(Finding on Guilt Are Binding)

I instruct you, however, that your previous finding that Mr. Goldstein is guilty is final, conclusive, and binding. Because you are bound by your previous findings that Mr. Goldstein is guilty, I direct you not to discuss in your forfeiture deliberations whether Mr. Goldstein is guilty or not guilty of any violations.

All of my previous instructions regarding direct and circumstantial evidence, credibility of witnesses, and duty to deliberate apply with respect to your verdict regarding forfeiture.

Sources:

*United States v. Warshak*, 631 F.3d 266, 331 (6th Cir. 2010) (affirming district court's refusal to let defendant introduce evidence tending to show his conduct was not illegal; in the forfeiture phase the legality of the conduct is "no longer a live issue")

*United States v. Dolney*, No. 04-CR-159 (NGG), 2005 WL 1076269, *10 (E.D.N.Y. May 3, 2005) ("[b]ifurcating the determinations of guilt and forfeiture ensures that the jury is neither distracted nor influenced by considerations of the defendants' potential punishment")

**PROPOSED FORFEITURE INSTRUCTION NO. 4**
(Jury May Consider Trial Evidence And Additional Evidence)

While deliberating, you may consider any evidence you have already heard plus any additional evidence that will be presented to you after these instructions.

Sources:

Fed. R. Crim. P. 32.2(b)(1)(B) ("The court's determination may be based on evidence already in the record . . . and on any additional evidence or information submitted by the parties and accepted by the court as relevant and reliable."); United States v. Farkas, 474 F. App'x 349, 357, 358-60 (4th Cir. 2012); United States v. Sabhnani, 599 F.3d 215, 260-63 (2d Cir. 2010); United States v. Capoccia, 503 F.3d 103, 107-10 (2d Cir. 2007); *see* Eleventh Circuit Pattern Jury Instructions, Criminal Cases, p.765, Instruction T6 (Forfeiture Proceedings)

## **PROPOSED FORFEITURE INSTRUCTION NO. 5**
(Court to Decide Certain Issues)

I further instruct you that if you find the Hawthorne Property is proceeds, or is derived from proceeds, of Mr. Goldstein's commission of the offense described in count 16, what happens to the Hawthorne Property is exclusively a matter for the Court to decide. You should not consider what might happen to the property.

You should disregard any claims that other persons may have to the property. Similarly, you are not to consider whether forfeiture of the property would constitute excessive punishment. Those matters will be considered by the Court at a later time.

Sources:

Fed. R. Crim. P. Rule 32.2(b)(1)(A); Fed. R. Crim. P. Rule 32.2(b)(2)(A); *United States v. Nava*, 404 F.3d 1119, 1132 (9th Cir. 2005) (district court properly instructed jury that "questions of ownership or title were not before them"; thus jury's return of special verdict of forfeiture says nothing about ownership of property); *United States v. Armstrong*, No. 05-130, 2007 WL 809508, *4 (E.D. La. Mar. 14, 2007) (jury was instructed not to concern itself with anyone's ownership interest in property); *United States v. Brown*, No. 3:06-cr-204-J-33MCR, 2007 WL 470445, *5 (M.D. Fla. Feb. 13, 2007) (detailing text of instruction telling jury not to concern itself with interest of any third party in property; because jury is unaware of ancillary proceeding, it may be hesitant to forfeit property held in a third party's name without instruction); *United States v. Wittig*, No. 03–40142–01–02, 2006 WL 13158, *3 (D. Kan. Jan. 3, 2006) (court instructed jury that it is not to concern itself with anyone's ownership interest in property, "as the jury's responsibility is solely to determine whether the Government has adequately proven the nexus between the offenses and the property"); *United States v. Cox*, 575 F.3d 352, 358 (4th Cir. 2009); *United States v. Segal*, 339 F. Supp. 2d 1039, 1047-51 (N.D. Ill. 2004), *aff'd* 495 F.3d 826 (7th Cir. 2007); *United States v. Lazarenko*, 476 F.3d 642, 647-48, 653 (9th Cir. 2007)

## **PROPOSED FORFEITURE INSTRUCTION NO. 6**
(Unanimous Verdict)

You must reach a unanimous verdict as to the question on the special verdict form.

Everyone must agree to a "YES" or "NO" answer.


Sources:

*United States v. Olson*, No. 03–CR–51–S (SLC), 2003 WL 23120024, at *4 (W.D. Wis. July 11, 2003) ("The court will instruct the jury on the need for unanimity when reaching a verdict on the forfeiture count."); *see* Eighth Circuit Pattern Criminal Jury Instructions, No. 6.21.853 (Criminal Forfeiture of Property)

## PROPOSED SPECIAL FORFEITURE VERDICT FORM

Do you unanimously find by a preponderance of the evidence that the government established the requisite nexus between the real property at 4323 Hawthorne Street NW, Washington, DC 20016 and Mr. Goldstein's commission of the offense described in count 16?

YES_____    NO_____

_____               _____
Date                                                                        FOREPERSON

Sources:

Fed. R. Crim. P. 32.2(b)(5)(B) ("If a party timely requests to have the jury determine forfeiture, the government must submit a proposed Special Verdict Form listing each property subject to forfeiture and asking the jury to determine whether the government has established the requisite nexus between the property and the offense committed by the defendant.")