**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | |
| **v.** | * | **CRIMINAL NO. LKG-25-6** |
| | * | |
| **THOMAS C. GOLDSTEIN,** | * | |
| | * | |
| **Defendant.** | * | |
| | ******** | |

**DEFENDANT THOMAS C. GOLDSTEIN'S
MOTION TO CONTINUE SENTENCING PENDING RULING ON ECF NO. 487**

Defendant Thomas C. Goldstein's Renewed Motion for Judgment of Acquittal or, in the Alternative, for a New Trial (ECF No. 487) raises significant legal and factual questions that will at a minimum affect the sentencing guidelines calculation in this case, and may obviate the need for a sentencing hearing at all should the Court determine that a new trial is warranted. Accordingly, the defense requests that the Court continue sentencing (currently scheduled for June 16) to a date in August or September that is convenient to the Court. *See* Fed. R. Crim. P. 32(b) (so long as the court "impose[s] sentence without unnecessary delay," it "may, for good cause, change any time limits prescribed in this rule"); *United States v. Flowers*, 983 F. Supp. 159, 169 (E.D.N.Y. 1997) ("The history of Rule 32 demonstrates that the Rules set forth no rigid timeline for sentencing. Rather, the decision of when to impose sentence is in the sound discretion of the trial court. Sentencing need not occur immediately after trial or plea."). The government has advised that it opposes this motion.

A district court may, "if appropriate, postpone sentencing," *McIntosh v. United States*, 601 U.S. 330, 344 (2024), and "[i]t is not uncommon for a court to" do so, *Perez v. Sullivan*, 793

1

F.2d 249, 255 n.5 (10th Cir. 1986).  A common basis to continue sentencing is the filing of post-trial motions that may affect both the sentencing recommendations and the ultimate sentencing determination.  The Advisory Committee Notes to Rule 32 thus explain that "it may be necessary to delay sentencing" when an important factor in sentencing "cannot be resolved," and that "other factors may be capable of resolution if the court delays sentencing while additional information is generated."  Where justified by the facts, district courts accordingly order sentencing to be "deferred pending [a] defendant's motion for a new trial."  *E.g.*, *United States v. Missler*, 414 F.2d 1293, 1296 (4th Cir. 1969); *United States v. Davis*, 992 F.2d 635, 637 (6th Cir. 1993) ("Sentencing was adjourned to allow the court to consider a judgment of acquittal.").

The defense's post-trial motion will not be fully briefed until May 8, just five weeks before sentencing.  The defense requests oral argument on the motion, and any date set for argument would likely fall no earlier than late May, giving the parties very little time to incorporate into their sentencing presentations any feedback from the Court at the hearing.  And the Court's ruling on the motion likely will significantly affect sentencing.  If the Court grants a retrial, the sentencing will be moot and the work done to prepare for sentencing will have been wasted.  If the Court agrees with the post-trial motion in part, and vacates Mr. Goldstein's conviction on one or more counts, the sentencing recommendations likely will need to be redone.  Deferring sentencing proceedings for a short period of time until the Court hears argument and rules on the post-trial motion would make the process substantially more efficient for the Court, the probation officer, and the parties.

Until the Court resolves Mr. Goldstein's post-trial motion, the range of possible sentencing guideline calculations is *enormous*.  The jury convicted Mr. Goldstein on five felony tax counts, four misdemeanor tax counts, and three felony mortgage-fraud counts.  For tax

charges, the Sentencing Guidelines range is driven heavily by the "tax loss."  *See* U.S.S.G. § 2T1.1.  All of the tax felonies in this case include alternative theories.  Count 1 alone presents *eight* separate theories of tax evasion.  The different theories underlying the counts of conviction produce wildly different tax loss calculations; several felony tax counts include theories that involve no tax loss at all.  *See, e.g.*, Counts 1 (placing funds in IOLTA account for several days), 8 (failing to check box acknowledging cryptocurrency holdings), 9 (same).  The government has indicated that it believes that the tax loss in this case is well over $1 million, whereas the defense believes that the correct figure is less than $200,000.  The Court's resolution of the post-trial motion will significantly affect these calculations.

In addition, the Court's resolution of Mr. Goldstein's post-trial motion may moot the sentencing process altogether, or at least substantially simplify it.  The difficulty of preparing a sentencing recommendation now is illustrated by the arguments that the government has already signaled that it will make at sentencing.  The government has explained that its sentencing calculation on the tax offenses is based on the allegation that Mr. Goldstein understated his 2016 gambling winnings by millions of dollars, as well as the cumulative amounts by which Mr. Goldstein unlawfully paid his taxes late in successive years.  The government has also stated that its guidelines calculation will be based on Mr. Goldstein's receipt of the funds from NFM Lending under Count 16.

The Court cannot assess any of those arguments without first resolving the defense's post-trial motion.  The motion argues that Mr. Goldstein's conviction on Count 1—which concerns the 2016 gambling winnings—should be overturned for several reasons.  The motion contends that the Court improperly excluded the defense's most important evidence as hearsay. *See* ECF No. 487, Part III.  The motion also includes four other arguments that encompass the

3

2016 gambling allegations: (1) the jury was not instructed on the elements of accessory liability; (2) the Court impermissibly changed the jury instructions after closing arguments; (3) the Court improperly instructed the jury on willful blindness; and (4) Count 1 is invalid because it included two theories that were legally impermissible. *See* ECF No. 487, Parts I, II, IV.

The motion also argues that Mr. Goldstein could not validly be convicted on the failure to pay allegations because the government proved the wrong due dates for three counts. *See* ECF No. 487, Part VI. It also argues that the jury instruction challenges invalidate all the failure to pay counts. *See* ECF No. 487, Parts I, II, VI. As to the mortgage fraud charges, the motion argues that Mr. Goldstein's convictions (including Count 16) should be overturned based on the impermissible change to the accessory liability instruction. *See* ECF No. 487, Part I. Indeed, the government expressly advised the Court that its theory of venue in closing arguments on Count 16 depended on accessory liability. *See* ECF No. 487 at 18 (quoting government argument during charge conference). Furthermore, the post-trial motion argues that there was insufficient evidence to convict Mr. Goldstein of the charges related to income that was not deposited into the law firm's bank account. In support, the motion explains that the jury *acquitted* Mr. Goldstein of a count that includes such an allegation. *See* ECF No. 487, Part V-A-2, V-C-3.

If the defense prevails on any of these arguments, then the sentencing guidelines calculation will change significantly. The Court, the parties, and the probation officer should have time between the Court's ruling on the post-trial motion and the sentencing to assess the impact of the Court's ruling on the guidelines calculation. It is therefore appropriate for the Court to continue sentencing, as well as all deadlines for submission (for the U.S. Probation Office and for the parties), particularly given that no prejudice would result. The sentencing

proceedings would likely be delayed only a few weeks, and Mr. Goldstein is already subject to home confinement.

Dated: March 25, 2026

Respectfully submitted,

/s/ *Jonathan I. Kravis*
Jonathan I. Kravis (Bar No. 31556)
Stephany Reaves (Bar No. 19658)
Sarah E. Weiner (*pro hac vice*)
MUNGER, TOLLES & OLSON LLP
601 Massachusetts Avenue NW, Suite 500E
Washington, DC 20001
(202) 220-1100
Jonathan.Kravis@mto.com
Stephany.Reaves@mto.com
Sarah.Weiner@mto.com

Adeel Mohammadi (*pro hac vice*)
MUNGER, TOLLES & OLSON LLP
350 S. Grand Avenue, 50th Floor
Los Angeles, CA 90071
(213) 683-9100
Adeel.Mohammadi@mto.com

*Attorneys for Defendant Thomas Goldstein*