**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | |
| **v.** | * | **CRIMINAL NO. LKG-25-6** |
| | * | |
| **THOMAS C. GOLDSTEIN,** | * | |
| | * | |
| **Defendant.** | * | |
| | ******** | |

**DEFENDANT THOMAS C. GOLDSTEIN'S RESPONSE TO
GOVERNMENT'S MOTION FOR EXTENSION OF TIME TO RESPOND TO
DEFENDANT'S POST-TRIAL MOTIONS**

In the abstract, Defendant Thomas C. Goldstein does not oppose the government's motion to extend time to respond to his post-trial motion. The post-trial motion raises multiple serious issues that the parties must give due attention. But the defense does oppose an extension that makes it impossible for the Court to resolve the post-trial motion prior to sentencing, while unjustly requesting Mr. Goldstein's detention in the meantime. The most appropriate resolution is to grant Mr. Goldstein's request to continue sentencing and deny the government's request for detention—in which case Mr. Goldstein has no opposition to extending the briefing schedule.

The current post-trial briefing schedule ensures that the post-trial motion is fully submitted to the Court over a month before sentencing: the government's opposition is due on April 17, and the defense reply is due on May 8, with sentencing scheduled for June 16. ECF No. 482. The Court approved that schedule by consent, and it provides both sides a modest extension of the default deadlines. Importantly, the defense requested that the Court continue sentencing to ensure that the post-trial motion could be decided before sentencing, and to allow

1

the parties and the probation office to take the Court's ruling into account in their sentencing preparation and submissions.  ECF No. 489.  As it stands, without a separate argument date on the calendar, the parties may have to incorporate the Court's oral ruling in their sentencing allocutions.  Or, the Court may have to continue sentencing, anyway, so that probation and the parties have the opportunity to incorporate the Court's ruling.  Consequently, the defense requested a more efficient path: allow the Court to consider, including hearing argument on, the post-trial motion without simultaneously preparing for sentencing.  The government opposes that request, which is still pending before the Court.

The government's requested extension further compounds and complicates the schedule. The parties would have to submit their sentencing memoranda *before* the post-trial motion is even fully briefed: sentencing memoranda are due on June 2, and the defense's reply would not be due until June 5.  Moreover, the government's proposed schedule gives the Court little over one week to consider the arguments raised by the post-trial motion—essentially eliminating the possibility that the Court could resolve the motion even on the currently-scheduled sentencing date.  And at the same time that the government insists on compacting the post-trial briefing and sentencing schedules, the government now asks for Mr. Goldstein's detention.  The only change in circumstances is an issue that the defense previewed a month ago, when the Court found clear and convincing evidence to release Mr. Goldstein, that Mr. Goldstein may need to change residences.  It would be particularly unjust for the government to delay the resolution of the merits should Mr. Goldstein be detained.

Under Rule 16(b)(4), a scheduling order may be modified "only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4); *see also* ECF No. 196 (applying Rule 16(b)(4) to deny a request to extend briefing deadlines).  Good cause "means that scheduling deadlines

2

cannot be met despite a party's diligent efforts." *Potomac Elec. Power Co. v. Elec. Motor Supply, Inc.*, 190 F.R.D. 372, 375 (D. Md. 1999) (quoting *Dilmar Oil Co., Inc. v. Federated Mut. Ins. Co.*, 986 F. Supp. 959, 980 (D.S.C. 1997)).  In determining whether the moving party has met its burden to show good cause, a court may also consider "whether the moving party acted in good faith, the length of the delay and its effects, and whether the delay will prejudice the non-moving party." *Kantsevoy v. LumenR LLC*, 301 F. Supp. 3d 577, 588 (D. Md. 2018) (quoting *Elat v. Ngoubene*, 993 F. Supp. 2d 497, 520 (Bankr. D. Md. 2014)).

Unless the Court continues sentencing and denies the government's request for detention, there is no good cause for an extension of the remaining deadlines for the post-trial motion. Under the current schedule, the government has almost four weeks to respond to Mr. Goldstein's motion—the same amount of time as the defense had for its opening brief (and more business days).  Indeed, in a motion filed just hours before the government's extension request, the government derided Mr. Goldstein's motion as supposedly presenting "frivolous claims for post-trial relief."  ECF No. 492 at 2.  Even with the complexity and importance of Mr. Goldstein's post-trial motion, the government does not need almost eight weeks to respond—particularly when the government's extension renders it impossible for the Court to resolve the motion prior to the scheduled sentencing date.

The Court should grant Mr. Goldstein's request to continue sentencing (and the attendant deadlines) and deny the government's request for detention, as argued in other briefs pending before the Court.  If the Court does so, the defense does not oppose a reasonable extension that allows the post-trial brief to be decided prior to the submission of sentencing objections and memoranda.

Dated: April 1, 2026

Respectfully submitted,

/s/ *Jonathan I. Kravis*
Jonathan I. Kravis (Bar No. 31556)
Stephany Reaves (Bar No. 19658)
Sarah E. Weiner (*pro hac vice*)
MUNGER, TOLLES & OLSON LLP
601 Massachusetts Avenue NW, Suite 500E
Washington, DC 20001
(202) 220-1100
Jonathan.Kravis@mto.com
Stephany.Reaves@mto.com
Sarah.Weiner@mto.com

Adeel Mohammadi (*pro hac vice*)
MUNGER, TOLLES & OLSON LLP
350 S. Grand Avenue, 50th Floor
Los Angeles, CA 90071
(213) 683-9100
Adeel.Mohammadi@mto.com

*Attorneys for Defendant Thomas Goldstein*