IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CRIMINAL NO. LKG-25-6 |
| | * | |
| THOMAS C. GOLDSTEIN, | * | |
| | * | |
| Defendant | * | |
| | * | |

\*\*\*\*\*\*\*

**UNITED STATES' MOTION FOR PRELIMINARY ORDER OF FORFEITURE**

The United States of America, by its undersigned attorneys, respectfully moves this Court for the issuance of a Preliminary Order of Forfeiture in the above-captioned case pursuant to 18 U.S.C. § 982(a)(2)(A) and Rule 32.2(b) of the Federal Rules of Criminal Procedure.  A proposed Preliminary Order of Forfeiture is submitted herewith.  In support thereof, the United States sets forth the following:

**Background**

On November 20, 2025, a federal grand jury sitting in the District of Maryland returned a Superseding Indictment charging Thomas C. Goldstein (the "Defendant") with nineteen criminal tax-related counts, as well as three counts of false statements on a loan application, in violation of 18 U.S.C. § 1014 (Count 20-22).  Dkt. No. 239.

The Superseding Indictment also included a forfeiture allegation which provided notice that the United States intended to seek forfeiture, pursuant to 18 U.S.C. § 982(a)(2), upon conviction of the Defendant of the offenses alleged in Counts 20 through 22 of the Superseding Indictment.

Following a multi-week jury trial, on February 27, 2026, the Defendant was convicted on Counts 1, 3, and 7 through 16 of the Superseding Indictment by a federal jury sitting in the District

of Maryland.   Dkt. No. 472.   The government requested the jury be retained to determine the nexus of specific real property to the Defendant's counts of conviction,   pursuant to Rule 32.2(b)(5) of the Federal Rules of Criminal Procedure.   The jury found no such nexus.

By this Motion, the United States now requests that the Court enter a Preliminary Order of Forfeiture, pursuant to 18 U.S.C. § 982(a)(2) and Rule 32.2(b)(2), to include a money judgment in the amount of at least $1,987,500 in U.S. currency equal to the value of the property constituting, or derived from, proceeds the Defendant obtained, directly or indirectly, up to the full value of the Defendant's forfeiture money judgment, as the result of his offenses.

<u>**Applicable Law**</u>

### A.  Forfeiture for the Offenses of Conviction

The criminal forfeiture statute compels the Court to order forfeiture of proceeds as part of the Defendant's sentence for a violation of 18 U.S.C. § 1014. 18 U.S.C. § 982(a)(2)(A) ("The court, in imposing sentence on a person convicted of a violation of, or a conspiracy to violate, section . . . 1014 . . . of this title, affecting a financial institution . . . *shall* order that the person forfeit to the United States any property constituting, or derived from, proceeds the person obtained directly or indirectly, as the result of such violation.") (emphasis added); *see also United States v. Blackman*, 746 F.3d 137, 143 (4th Cir. 2014) (holding that criminal forfeiture is mandatory because "[t]he word 'shall' does not convey discretion.   It is not a leeway word, but a word of command.") (quoting *United States v. Fleet*, 498 F.3d 1225, 1229 (11th Cir. 2007)); *United States v. Louthian*, 756 F.3d 295, 307 (4th Cir. 2014) (where the government follows the procedures in Fed. R. Crim. P. 32.2, criminal forfeiture is mandatory under 18 U.S.C. § 982(a)).

To determine the amount of proceeds a defendant obtained as the result of his offense, the Fourth Circuit applies a "but for" test under which "funds are considered proceeds and therefore

deemed forfeitable if a person would not have [the funds] *but for* the criminal offense." *United States v. Farkas*, 474 F. App'x 349, 359-60 (4th Cir. 2012) (internal quotations omitted) (emphasis in original). Proceeds forfeiture is not dependent upon whether the defendant remains in possession of the proceeds of his offense. *See Blackman,* 746 F.3d at 144 (forfeiture is mandatory even if defendant lacks the present ability to satisfy the judgment); *United States v. Brown*, 2013 U.S. Dist. LEXIS 83463, at *4-5 (D. Md. June 7, 2013) (Quarles, J.) (citing *United States v. Newman*, 659 F.3d 1235, 1242-43 (9th Cir. 2011); *United States v. Vampire Nation*, 451 F.3d 189, 202 (3d Cir. 2006); *United States v. Bourne*, 2012 U.S. Dist. LEXIS 19910 (E.D.N.Y. Feb. 15, 2012)).

### B. The Preponderance Standard Applies to Forfeiture Determinations

Because criminal forfeiture is part of a defendant's sentence, the government's burden to establish the forfeitability of property is governed by the preponderance of the evidence standard. See *United States v. Tanner*, 61 F.3d 231, 234 (4th Cir. 1995) (because "forfeitures are a penalty . . . the preponderance standard should govern forfeiture questions"); *United States v. Cherry*, 330 F.3d 658, 669 (4th Cir. 2003) (because "[a] judgment of forfeiture . . . is not a separate conviction . . . [and instead] constitutes part of the sentence . . . the court properly instructed the jury that the preponderance standard governed its [forfeiture] findings.").

### C. Forfeiture Money Judgments

A forfeiture order may take the form of a personal money judgment. *See* Fed. R. Crim. P. 32.2(b)(1)(A) ("If the government seeks a personal money judgment, the court must determine the amount of the money that the defendant will be ordered to pay."). A jury may be called upon to determine the forfeitability of specific property in a criminal case, but even if so, a defendant is not entitled to a jury determination on the amount a forfeiture money judgment. *See United States*

*v. Jameel*, 626 F. App'x 415, 419 (4th Cir. 2015) (holding that defendant was not entitled to a jury trial to determine the amount of the forfeiture money judgment) (internal citations omitted); *United States v. Esformes*, 60 F.4th 621, 639 (11th Cir. 2023) (district court "followed Rule 32.2 to the letter" by allowing jury to determine what specific property was forfeitable, with district court setting forfeiture money judgment amount); *United States v. Peithman*, 917 F.3d 635 (8th Cir. 2019) (jury's failure to find certain property subject to forfeiture did not affect district court's ability to enter forfeiture money judgment); *United States v. Tedder*, 403 F.3d 836, 841 (7th Cir. 2005) (defendant's right under Rule 32.2(b)(4) is to have jury determine if government has established the required nexus between specific property and his crime; the rule does not give defendant the right to have jury determine the amount of forfeiture money judgment); *United States v. Cohen*, No. 1:14-CR-00310, 2015 WL 2261661, *32 (D. Md. May 7, 2015) ("the Court—not the jury—determines the amount of" forfeiture money judgement; "'[A]n order authorizing forfeiture of substitute assets … does not require a jury'"); *aff'd in part*, 888 F.3d 667 (4th Cir. 2018).

The Court determines the amount of any money judgment "based on evidence already in the record . . . and on any additional evidence or information submitted by the parties and accepted by the court as relevant and reliable."  Fed. R. Crim. P. 32.2(b)(1)(B); *see also United States v. Farkas*, 474 F. App'x 349, 360 (4th Cir. 2012) (stating that under Rule 32.2(b)(1)(B), the Court may base its forfeiture determination on evidence already in the record, including the trial record, and on any additional evidence or information submitted); *United States v. Sabhnani*, 599 F.3d 215, 262–63 (2d Cir. 2010) (noting that forfeiture may be based on testimony from guilt phase of trial).

4

The calculation of a forfeiture money judgment amount need not be exact because forfeiture is punitive, not restitutive. *See United States v. Roberts*, 660 F.3d 149, 166 (2d Cir. 2011) ("[T]he law does not demand mathematical exactitude in calculating the proceeds subject to forfeiture . . . . Rather . . . district courts may make reasonable extrapolations supported by a preponderance of the evidence.") (internal quotations omitted).   The Fourth Circuit has held that a district court may not decline to enter a forfeiture order based on a defendant's inability to pay. *See Blackman*, 746 F.3d at 143-44 ("The fact that a defendant is indigent or otherwise lacks adequate assets to satisfy a judgment does not operate to frustrate entry of a forfeiture order.").

### D.  Substitute Property

If directly forfeitable property is not available because of a defendant's act or omission, the Court shall order forfeiture of substitute assets to satisfy a money judgment. *See* 21. U.S.C. § 853(p); 18 U.S.C. § 982(b)(1) (incorporating the procedures of 21 U.S.C. § 853(p) for forfeitures pursuant to 18 U.S.C. § 982(a)); *United States v. Manlapaz*, 825 Fed. App'x 109, 116 (4th Cir. 2020) ("It is well-established that the Government may seek forfeiture of substitute assets when a defendant does not have the money to satisfy a money judgment"); *United States v. Alamoudi*, 452 F.3d 310, 314 (4th Cir. 2006) (holding that the forfeiture of substitute assets under § 853(p) is "not only permitted but *mandated* . . . if the conditions of 21 U.S.C. § 853(p) [are] satisfied") (emphasis added); *United States v. Romeo*, 136 F.4th 372, 378 (2d Cir. 2025) (where government demonstrates that forfeitable property is unavailable for forfeiture under 21 U.S.C. § 853(p)(1)(A)– (E), "'the court shall order the forfeiture of any other property of the defendant, up to the value of'" forfeitable property as substitute assets).   The Fourth Circuit has noted that "[c]ourts interpret this provision liberally so as to thwart efforts by a defendant to circumvent the economic impact of an anticipated criminal forfeiture sentence." *Alamoudi*, 452 F.3d at 316 (internal quotation

marks and citations omitted).

Property that the government initially sought to forfeit as directly traceable property may later be forfeited as a substitute asset. *United States v. Kramer*, 25 F.4th 509, 512 n.6 (7th Cir. 2022) ("Property that could have been forfeited as direct proceeds of criminal activity may nevertheless be forfeited later as substitute assets"); *United States v. Lopez Tardon*, 56 F. Supp. 3d 1309, 1323 (S.D. Fla. 2014) (property jury declined to forfeit is forfeitable as substitute assets).

To obtain an order forfeiting substitute assets, 21 U.S.C. § 853(p)(1) requires the government to show—"as a result of any act or omission of the defendant"—directly traceable proceeds either:

(1) cannot be located upon the exercise of due diligence;

(2) have been transferred or sold to, or deposited with, a third party;

(3) have been placed beyond the jurisdiction of the court;

(4) have been substantially diminished in value; or

(5) have been commingled with other property which cannot be divided without difficulty.

Where a defendant transfers forfeitable funds to others, the original transfer of the funds satisfies the requirement of the substitute asset provision that forfeitable funds were transferred by any act of defendant; § 853(p) does not require that the transfer of property be separate and distinct from the underlying criminal conduct. *See United States v. Seabrook*, 661 F. App'x. 84, 86 (2d Cir. 2016); *United States v. Seher*, 562 F.3d 1344, 1373 (11th Cir. 2009) (agent sworn declaration that stated defendant "had 'dissipated or otherwise disposed of the proceeds of his crime'" was sufficient to establish that forfeitable property was not available due to defendant's acts or omissions); *United States v. Hailey*, 887 F. Supp. 2d 649, 654 (D. Md. 2012) (analysis of

6

defendant's bank accounts, showing that he has spent the proceeds of his crime, satisfies § 853(p) and allows government to recover substitute assets).

Provided the government demonstrates that one or more of the above elements under 21 U.S.C. § 853(p)(1) are met, the court may include substitute assets in its initial preliminary order of forfeiture under Federal Rule of Criminal Procedure 32.2(b)(2)(A), or at any time thereafter, upon motion of the government, via an amended preliminary order of forfeiture. *United States v. Knowles*, 819 F. App'x. 781, 783–784 (11th Cir. 2020) (government may seek forfeiture of substitute assets under Rule 32(e) "at any time").   The government may only forfeit substitute assets up to the value of a defendant's outstanding money judgment – if a real property is forfeited as substitute assets, any excess value after the sale of that property must be returned to the defendant. *United States v. Sanders*, 844 F. App'x. 450 (2d Cir. 2021).

Finally, a defendant may not object to the forfeiture of substitute assets on the grounds that a third party may have an interest in it – any third party's purported interest is determined *after* the entry of the forfeiture order.   *United States v. Manlapaz*, 825 F. App'x. 109, 117 (4th Cir. 2020) (Rule 32.2 provides a defendant may not object to forfeiture on the grounds that property is owned by someone else; third parties' rights are to be determined in ancillary proceeding under Rule 32.2(c)); *United States v. Weitzman*, 963 F. Supp. 2d 218, 221 (S.D.N.Y. 2013) (defendant lacks standing to object to forfeiture of substitute asset on the ground that a third party has an interest in it; third party must file a claim in ancillary proceeding).

## Discussion

The evidence presented at trial demonstrates the Defendant personally obtained approximately $1,987,500 in proceeds of his mortgage fraud offense in Count 22 of the Second Superseding Indictment. On September 29, 2021, Defendant and his wife applied for a loan from

the mortgage lending business NFM Lending ("NFM"). They sought almost $2 million in connection with refinancing the Washington, D.C. home. GX10.1 at 3. The loan application, which the Defendant signed, did not disclose his poker-related debts (of approximately $15 million) in the "Assets and Liabilities" section or otherwise. 2/9 Tr. 126:8-128:15 (Anthony). The Defendant admitted he chose not to tell NFM about the poker-related debts. 2/12 Tr. 125:8-14 (Goldstein); 2/12 Tr. 188:3-11 (Goldstein). He also did not disclose that he was a guarantor on the investment agreement with Parabellum. 2/9 Tr. 128:16-18. According to NFM Lending Divisional President Darran Anthony, who testified at trial, these all would have factored into whether the loan was approved. 2/9 Tr. 127:24-128:21 (Anthony). NFM agreed to extend the loan of $1,987,500. 2/9 Tr. 136:1-4 (Anthony).

Accordingly, pursuant to 18 U.S.C. § 982(a)(2)(A) and Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure, the United States is now entitled to a forfeiture money judgment in the amount of $1,987,500 in U.S. currency against the Defendant. The United States respectfully submits a hearing is unnecessary given the nature of the evidence introduced at trial as to the value of the funds involved in the Defendant's offense of conviction.

The United States also respectfully requests that the Court find the conditions set forth in the substitute asset statute, 21 U.S.C. § 853(p), have been met. The trial evidence supports such a finding because they indicate proceeds of the Defendant's mortgage fraud offense under Count 22 – $1,987,500 – were transferred to Parabellum, a third party, due to Defendant's acts. Specifically, Goldstien testified that he sought the mortgage from NFM "to pay Parabellum money." 2/12 Tr. 124:17 (Goldstein). He applied for the NFM "home equity loan [to] take value out of that first house and hand it to Parabellum." 2/12 Tr. 124:17-19.

Moreover, in a sworn declaration to the Court, he explained that "[a]part from the

Hawthorne Property, [the Defendant has] minimal assets." GX790.

Therefore, in addition to the forfeiture money judgement specified above, and pursuant to 18 U.S.C. § 982(a)(2)(A), 21 U.S.C. § 853(a), and Rule 32.2(e) of the Federal Rules of Criminal Procedure, the United States is now entitled to a Preliminary Order of Forfeiture with respect to all of the Defendant's right, title, and interest in the property at 4323 Hawthorne Street, Washington, D.C.

In addition, the United States may further move at any time, pursuant to Rule 32.2(e)(1)(B) of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853(p), to forfeit any property of the defendant up to the value of any remaining forfeiture money judgment included in the Preliminary Order of Forfeiture. Upon issuance of any order forfeiting specific property, the United States will publish notice in accordance with 21 U.S.C. § 853(n)(1) and Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure.

The United States also seeks permission to conduct any discovery that might be necessary to identify, locate, or dispose of forfeited property, pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853(m).

WHEREFORE, the United States requests that this Court:

(a) find that the requirements of 21 U.S.C. § 853(p) have been satisfied in this case;

(b) enter the Preliminary Order of Forfeiture in the form submitted herewith;

(c) include the forfeiture, as set forth in the Preliminary Order of Forfeiture, in the oral pronouncement of the Defendant's sentence;

(d) retain jurisdiction for the purpose of enforcing the forfeiture; and

(e) incorporate the Preliminary Order of Forfeiture in the criminal judgment entered against the Defendant, pursuant to Federal Rule of Criminal Procedure 32.2(b)(4).

Respectfully submitted,

Kelly O. Hayes
United States Attorney

/s/
_____
Adeyemi Adenrele
Assistant United States Attorney
District of Maryland

Sean Beaty
Senior Litigation Counsel
Department of Justice, Criminal Division
Emerson Gordon-Marvin
Hayter Whitman
Trial Attorneys
Department of Justice, Criminal Division