IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | |
| | * | CRIMINAL NO. LKG-25-6 |
| THOMAS C. GOLDSTEIN, | * | |
| | * | |
| Defendant. | * | |
| | ******* | |

**DEFENDANT THOMAS C. GOLDSTEIN'S REPLY IN SUPPORT OF MOTION TO
EXTEND TIME TO FILE RESPONSE AND TO CONTINUE SENTENCING**

The government's response essentially concedes that defense counsel needs, and should receive, additional time to be adequately prepared for sentencing.  Counsel files this Reply to clarify the record on a few brief points.

*First*, regardless of the government's prior attempts to insert uncharged allegations into the trial, counsel did not have notice that the government's tax loss calculation included over $2 million attributed to a 2016 tax year charge that was dismissed with prejudice, and almost $7.7 million attributed to tax years 2022 and 2023, in addition to allegations about Mr. Goldstein's 2025 tax return.  *See* ECF No. 520; ECF No. 521-11.  None of that information was anywhere within the draft or final PSR.  And as evident in the defense's sentencing submissions, the defense was under the impression that the government's inflated tax loss numbers came from the government's misguided arguments about Mr. Goldstein 2016 gambling income.

The government notes in a footnote that it provided a "letter *to United States Probation*" in which "the government stated that its calculations included these years and explained the basis for those calculations."  ECF No. 524 n. 2.  But the Court ordered the parties to submit any

1

objections to the draft PSR "in writing, to the Probation Officer *and opposing counsel*."  ECF No. 469.  *See also* Fed. R. Crim. P. 32(f) (requiring an objecting party to provide a copy of its objections to the opposing party).

The government should have served its calculations on the defense.  The government has had months to work with an IRS Revenue Agent (who often testifies as an expert witness) on these calculations.  Indeed, the government disclosed its calculations to Probation over five weeks before it filed its sentencing memo.  The entire reason the Court imposed these deadlines, well in advance of the sentencing hearing, was so that both sides would have adequate opportunity to prepare.  Moreover, while the government may have gathered all the evidence it intends to present, Mr. Goldstein has the right to present a defense at sentencing.  The defense will ask for an evidentiary hearing and needs time to identify the appropriate exhibits, consult with an expert, and prepare to respond.

*Second*, there is no basis for the government to claim the request for a continuance is a "ploy[] to further delay" sentencing.  ECF No. 524 at 1.  The defense raised this conflict at the original scheduling hearing, asking for a date in July.  And while Mr. Goldstein's lead counsel has not yet picked a jury in the conflicting state court matter, the government cannot deny that he was in San Francisco Superior Court for proceedings last week, and that the pretrial proceedings continue this week.  Moreover, the government omits additional information from *the same case minutes* it cited: that although voir dire begins on June 17, the jury panel arrives on June 15 "for hardshipping and filling out the jury questionnaires" and "[c]ounsel will review jury questionnaires on June 16."  *See* 6/5/26 Hrg. Minutes, *Dilley v. Pacific Gas & Electric Co.*, No. CGC-23-607138 (Sup. Ct. of Cal. June 5, 2026), *available at* https://sf.courts.ca.gov/online-services/case-information.   It is absurd for the parties to quibble about the procedural posture of

a state court case when the point remains: lead counsel is unavailable for the currently scheduled

sentencing date.

*Finally*, Mr. Goldstein has a right to his counsel of choice. *United States v. Gonzalez-Lopez*, 548 U.S. 140 (2006). Associates at a different law firm, or an appellate attorney who did

not try the case—however talented they may be—are no substitute for the lead counsel who tried

the case (particularly not on short notice).

Counsel respectfully requests that the Court grant a continuance of the sentencing to a

date where lead counsel can appear that is convenient for the Court, and an extension of the

response deadline.


Dated: June 8, 2026

Respectfully submitted,

*/s/  Stephany Reaves*

Jonathan I. Kravis (Bar No. 31556)
**LIU SHUR KRAVIS LLP**
607 14th Street NW, Suite 625
Washington, DC 20005
(202) 240-7100
jonathan.kravis@lskllp.com

Stephany Reaves (Bar No. 19658)
Sarah E. Weiner (*pro hac vice*)
**MUNGER, TOLLES & OLSON LLP**
601 Massachusetts Avenue NW, Suite 500E
Washington, DC 20001
(202) 220-1100
Stephany.Reaves@mto.com
Sarah.Weiner@mto.com

Adeel Mohammadi (*pro hac vice*)
**MUNGER, TOLLES & OLSON LLP**
350 S. Grand Avenue, 50th Floor
Los Angeles, CA 90071
(213) 683-9100
Adeel.Mohammadi@mto.com