**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

USDC- GREENBELT
'26 JUL 27 PM3:12

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| v. | * | **CRIMINAL NO. LKG-25-6** |
| | * | |
| **THOMAS C. GOLDSTEIN** | * | |
| | * | |
| **Defendant** | * | |
| | * | |

\*\*\*\*\*\*\*

**PRELIMINARY ORDER OF FORFEITURE**

Whereas, on November 20, 2025, a federal grand jury sitting in the District of Maryland returned a Second Superseding Indictment (the "Indictment") charging Thomas C. Goldstein (the "Defendant") with nineteen criminal tax-related counts, as well as three counts of false statements on a loan application, in violation of 18 U.S.C. § 1014 (Count 20-22). ECF No. 239; and

Whereas, the Indictment also included a forfeiture allegation which provided notice that the United States intended to seek forfeiture, pursuant to 18 U.S.C. § 982(a)(2),upon conviction of the Defendant of the offenses alleged in Counts 20 through 22 of the Indictment; and

**WHEREAS**, following a 23-day jury trial, on February 27, 2026, the Defendant was convicted Counts 1, 3, and 7 through 16 of the Indictment by a federal jury sitting in the District of Maryland. ECF No. 472.

**WHEREAS**, the United States has established by a preponderance of the evidence that the amount of the Defendant obtained as the result of his convictions is at least $1,987,500 in U.S. currency; and

**WHEREAS**, pursuant to 18 U.S.C. § 982(a)(2)(A), 21 U.S.C. § 853(p), and Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure, the United States is now entitled to a

1

Preliminary Order of Forfeiture imposing a money judgment in the amount of $1,987,500 in U.S. currency against the Defendant; and

**WHEREAS**, the Court further finds that the United States has met its burden to prove that the property subject to forfeiture is unavailable due to acts or omissions by the Defendant as set forth in 21 U.S.C. § 853(p)(1), thereby satisfying 21 U.S.C. § 853(p)(2);

**ACCORDINGLY**, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that:

1. The United States' Motion for a Preliminary Order of Forfeiture is **GRANTED-in-PART**.

2. Pursuant to 18 U.S.C. § 982(a) and Rule 32.2 of the Federal Rules of Criminal Procedure, a forfeiture money judgment in the amount of **to be determined** in U.S. currency is hereby entered against the Defendant.

3. The Defendant shall remain personally liable until the judgment is satisfied. The value of any substitute assets shall be credited toward the satisfaction of the money judgment. Likewise, the value of any directly forfeitable property that is forfeited as the proceeds of the offense shall also be credited toward the satisfaction of the money judgment, but property forfeited as property used to commit or to facilitate the commission of the offense shall not be so credited.

4. In addition, all of the Defendant's right, title, and interest in 4323 Hawthorne Street, Washington, D.C. is forfeited to the United States pursuant to 18 U.S.C. § 982(a)(2), 21 U.S.C. § 853(a), and Fed. R. Crim. P. 32.2(e)(1)(A).

5. The United States is authorized to conduct any discovery that might be necessary to identify, locate, or dispose of forfeited property, and to resolve any third-party petition, pursuant to Rule 32.2(b)(3), (c)(1)(B) of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853(m).

6. Pursuant to Rule 32.2(b)(6) and (c)(1), no third-party notice or ancillary proceeding is required to the extent that this Order consists solely of a money judgment.

7.      Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Preliminary Order of Forfeiture will become final as to the Defendant at the time of his sentencing, will be part of the Defendant's criminal sentence, and will be included in the criminal judgment entered by this Court against him.

8.      The Court shall retain jurisdiction in this matter for the purpose of enforcing this Order, and pursuant to Rule 32.2(e)(1) of the Federal Rules of Criminal Procedure, shall amend this Order, or enter other orders as necessary, to forfeit additional specific property or substitute property when identified.

July 27, 2026
Date

The Honorable Lydia Kay Griggsby
United States District Judge

3